MILLER NASH LLP
Bernie Kornberg (SBN 252006)
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone: 562.435.8002
Facsimile: 562.435.7967

Attorneys for Defendant and Removing Party
WRE SoCal, Inc., d/b/a Windermere Desert Properties

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| HK LANE PALM DESERT, INC., | Case No. 6:24-bk-13474-SY |
| Debtor | Chapter 7 |
| | Adv. No. |
| | **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES BANKRUPTCY COURT** |
| HK LANE LA QUINTA, INC., | |
| Plaintiff, | |
| v. | |
| WRE SOCAL, INC., D/B/A WINDERMERE DESERT PROPERTIES; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Defendant WRE SoCal, Inc., d/b/a Windermere Desert Properties ("WRE"), the defendant in the civil action described below, hereby removes that action from the Superior Court of California, County of Riverside, to the United States Bankruptcy Court for the Central District of California, Riverside Division, pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

NOTICE OF REMOVAL

4903-6138-1053.1

Bankruptcy Procedure 9027. In support of removal, WRE states as follows:

**THE STATE COURT ACTION**

1.     On May 6, 2026, HK Lane La Quinta, Inc. ("HKLLQ") commenced an action against WRE in the Superior Court of California, County of Riverside, Palm Springs Branch, captioned *HK Lane La Quinta Inc. v. WRE SoCal, Inc. dba Windermere Desert Properties*, Case No. CVPS2603973 (the "State Court Action").

2.     The State Court Action asserts a single cause of action for breach of contract. HKLLQ alleges that WRE failed to make a timely quarterly payment due April 30, 2026 under a promissory note dated June 9, 2023 (the "Note"), thereby triggering acceleration of the entire balance. HKLLQ seeks damages of $1,125,000, plus interest at the legal rate and attorneys' fees.

3.     WRE was served with the summons and complaint in the State Court Action by substituted service on June 16, 2026, with copies mailed on June 18, 2026. This Notice of Removal is filed within 30 days of WRE's receipt of the initial pleading and is therefore timely under Federal Rule of Bankruptcy Procedure 9027(a)(3).

4.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1)(C), copies of all process and pleadings served upon WRE in the State Court Action are attached hereto as Exhibit A.

**THE BANKRUPTCY CASE AND PENDING ADVERSARY PROCEEDING**

5.     On June 20, 2024, HK Lane Palm Desert, Inc. (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, commencing the case captioned *In re HK Lane Palm Desert, Inc.*, Case No. 6:24-bk-13474-SY, now pending before this Court (the "Bankruptcy Case"). Arturo Cisneros is the duly appointed and acting Chapter 7 Trustee (the "Trustee").

6.     The Debtor and HKLLQ were the sellers under a June 8, 2023 Asset Purchase Agreement (the "APA") through which WRE purchased substantially all of the sellers' residential real estate brokerage assets. The Note was executed as part of the consideration for the APA and is made payable to HKLLQ.

7.     On December 21, 2025, WRE commenced an adversary proceeding in the Bankruptcy Case, captioned *WRE SoCal, Inc. v. Arturo Cisneros, Chapter 7 Trustee, and HK*

*Lane La Quinta, Inc.*, Adv. No. 6:25-ap-01133-SY (the "Adversary Proceeding"), interpleading the payments due under the Note because HKLLQ and the Trustee assert competing and adverse claims to those payments.

8. In the Adversary Proceeding, the Trustee has filed a counterclaim against WRE to avoid and recover the transfers effected by the APA and the Note as fraudulent transfers under 11 U.S.C. §§ 548 and 550, and for a declaratory judgment that the APA is void, together with a cross-claim against HKLLQ on the same theory. The Trustee contends that the payments due under the Note are property of, or recoverable for the benefit of, the Debtor's estate.

**<u>BASIS FOR REMOVAL</u>**

9. This Court has jurisdiction over the State Court Action under 28 U.S.C. § 1334(b), which grants the district courts original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

10. The State Court Action is, at a minimum, "related to" the Bankruptcy Case. First, it seeks to collect the very same Note payments that are (a) the res of WRE's interpleader in the Adversary Proceeding, and (b) the subject of the Trustee's pending claims to avoid and recover those payments for the estate. Second, the Trustee's pending claims also assert the same Note that the HKLLQ seeks to enforce is void. Third, the Note at issue is jointly owned by Debtor and HKLLQ, and thus the amounts owed under it affect the assets of the estate.  Thus, the outcome of the State Court Action could conceivably affect the property of, and the administration of claims against, the Debtor's estate, and it presents a risk of inconsistent adjudications concerning entitlement to the Note payments.

11. Removal is authorized by 28 U.S.C. § 1452(a), which permits a party to remove any claim or cause of action in a civil action to the district court for the district where the action is pending if that court has jurisdiction of the claim under 28 U.S.C. § 1334. This proceeding is referred to the bankruptcy judges of this District under 28 U.S.C. § 157(a) and the District Court's General Order No. 13-05.

12. The State Court Action is a non-core proceeding that is related to the Bankruptcy Case. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1)(B), WRE consents to the

entry of final orders and judgment by the Bankruptcy Court.

## VENUE, NOTICE, AND RESERVATION OF RIGHTS

13.     Removal to this Court is proper under 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027(a)(1) because the State Court Action is pending in Riverside County, which lies within the Central District of California, Riverside Division.

14.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(b), WRE will promptly serve a copy of this Notice of Removal on all parties to the State Court Action and file a copy with the Clerk of the Superior Court of California, County of Riverside. Pursuant to Rule 9027(c), upon such filing the Superior Court shall proceed no further with the State Court Action unless and until it is remanded.

15.     By filing this Notice of Removal, WRE does not waive, and expressly reserves, all rights, defenses, and objections, including without limitation as to the sufficiency of service of process, personal jurisdiction, venue, and the merits of the claim asserted in the State Court Action.

Dated: July 16, 2026                                MILLER NASH LLP


                                                    By: */s/ Bernie Kornberg*
                                                        Bernie Kornberg

                                                        Attorneys for Defendant and Removing
                                                        Party
                                                        WRE SoCal, Inc., d/b/a Windermere
                                                        Desert Properties

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

- 4 -                                    NOTICE OF REMOVAL

4903-6138-1053.1

# EXHIBIT A

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE

**CVPS2603973**        HK LANE LA QUINTA INC. vs WRE SOCAL. INC. DBA WINDE

Filed Date:  **05/06/2026**                    **Unlimited Civil Breach of Contract/Warr**
Case Status: **Active**                              **Palm Springs - Department PS2**

Case Summary          Case Summary

## Case Summary

### ˅ COMPLAINTS/PETITIONS

| Filings | Represented By | Status | Dispositions |
|---|---|---|---|
| **HK LANE LA QUINTA INC. vs WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES** Unlimited Civil Breach of Contract/Warranty | | Active | |
| **Complaint for Breach of Contract/Warranty (Over $35,000) of HK LANE LA QUINTA INC.** | | Filed: 05/06/2026 | |
| Plaintiff: HK LANE LA QUINTA INC. | JEFF KATOFSKY | | |
| Defendant: WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES | | Served as of 06/18/2026 | |

### ˅ HEARINGS

| Date Time | Type | Judicial Officer | Location/Courtroom | Disposition |
|---|---|---|---|---|
| 11/30/2026 08:30 AM | Case Management Conference | Manuel Bustamante | Department PS2 | |

### ˅ DOCUMENTS

Search

Document Download

| Status | Date | Description | Filed By | Confidential |
|---|---|---|---|---|
| Filed | 05/06/2026 | Summons Issued and Filed | HK LANE LA QUINTA INC. | |

| Status | Date | Description | Filed By | Confidential |
|---|---|---|---|---|
| Filed | 05/06/2026 | Civil Case Cover Sheet | HK LANE LA QUINTA INC. | |
| Filed | 05/06/2026 | Certificate of Counsel. | HK LANE LA QUINTA INC. | |
| Filed | 05/06/2026 | Complaint for Breach of Contract/Warranty (Over $35,000) | HK LANE LA QUINTA INC. | |
| Generated | 06/03/2026 | Clerk's Certificate of Electronic Service on Complaint for Breach of Contract/Warranty (Over $35,000) of HK LANE LA QUINTA INC. | | |
| Generated | 06/03/2026 | Notice of Case Management Conference Complaint for Breach of Contract/Warranty (Over $35,000) | | |
| Generated | 06/03/2026 | Notice of Department Assignment | | |
| Filed | 06/22/2026 | Proof of Service of Summons on Complaint for Breach of Contract/Warranty (Over $35,000) of HK LANE LA QUINTA INC. | HK LANE LA QUINTA INC. | |

## ⌄ CASE LEDGER

| | Amount | Paid | Balance |
|---|---|---|---|
| Fines and Fees Totals | $453.70 | $452.00 | $0.00 |
| Restitution Totals | $0.00 | $0.00 | $0.00 |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.

Electronically FILED by Superior Court of California, County of Riverside on 05/06/2026 02:17 PM
Case Number CVPS2603973 0000166496831 - Jason B. Galkin, Executive Officer/Clerk of the Court By Madeline Youngberg, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584

☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☒ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*:<br>Jeff Katofsky, Esq., Bar No. 138773<br>LAW OFFICE OF JEFF KATOFSKY<br>4558 Sherman Oaks Ave.<br>Sherman Oaks, CA 91403<br>TELEPHONE NO: 818-990-1475   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jeff@katofskylaw.com<br>ATTORNEY FOR *(Name)*: HK Lane La Quinta, Inc. | FOR COURT USE ONLY |

PLAINTIFF/PETITIONER: HK Lane La Quinta, Inc.

DEFENDANT/RESPONDENT: WRE SoCal dba Windermere Desert Properties et al.

CASE NUMBER:
CVPS2603973

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92262 _____

☐ The action concerns real property located in the zip code of: _____

☒ The Defendant resides in the zip code of: 92262 _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  May 6, 2026 _____

Jeff Katofsky _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶  */s/ Jeff Katofsky*
_____
(SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]
(Reformatted 07/08/24)

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 06/04/2026 02:47 PM
Case Number CVPS2603973 0000166496 Jason Galkin, Executive Officer/Clerk of the Court By Madeline Youngberg, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 138773 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Jeff Katofsky, Esq. | | |
| FIRM NAME: LAW OFFICE OF JEFF KATOFSKY | | |
| STREET ADDRESS: 4558 Sherman Oaks Ave. | | |
| CITY: Sherman Oaks    STATE: CA    ZIP CODE: 91403 | | |
| TELEPHONE NO.: 818-990-1475    FAX NO.: | | |
| EMAIL ADDRESS: jeff@katofskylaw.com | | |
| ATTORNEY FOR (name): HK Lane La Quinta, Inc. | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 3255 E Tahquitz Canyon Way
MAILING ADDRESS:
CITY AND ZIP CODE: Palm Springs CA 92262
BRANCH NAME: Palm Springs Branch

**CASE NAME:**
HK Lane La Quinta Inc. v. WRE SoCal, Inc. dba Windermere Desert Properties et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $35,000) | [ ] Limited<br>(Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CVPS2603973<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

Civil Case Cover Sheet

CM-010, Page 1 of 3

→

CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?    ☐ Yes    ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties

b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c. ☐ Substantial amount of documentary evidence

d. ☐ Large number of witnesses

e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f. ☐ Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply):

a. ☒ monetary

b. ☐ nonmonetary; declaratory or injunctive relief

c. ☐ punitive

4.  Number of causes of action (specify): 1

5.  Is this case a class action suit?    ☐ Yes    ☒ No

6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 6, 2026

Jeff Katofsky
_____
(TYPE OR PRINT NAME)

▶    /s/ Jeff Katofsky
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/
    Wrongful Death
Uninsured Motorist (46) *(if the case involves
    an uninsured motorist claim subject to
    arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/
    environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians &
        Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g.,
        assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest)
    *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not
        medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not
        unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff
        *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book
    accounts) (09)
    Collections Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord-tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs,
    check this item; otherwise, report as
    Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case
        Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case
    involves an Employment Development
    Department decision, check this item
    instead of Wrongful Termination or Other
    Employment)*

**Provisionally Complex Civil Litigation (Cal.
Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication
    (47)
Insurance Coverage Claims *(arising from
    provisionally complex case type listed
    above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
        relations)*
    Sister-State Judgment
    Administrative Agency Award *(not unpaid
        taxes)*
    Petition/Certification of Entry of Judgment
        on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only Injunctive Relief
        Only *(non-harassment)*
    Mechanic's Lien
    Other Commercial Complaint Case *(non-
        tort/non-complex)*
    Other Civil Complaint *(non-tort/non-
        complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

Electronically FILED by Superior Court of California, County of Riverside on 05/06/2026 02:10 PM
Case Number CVPS2603973 0000166498 Juan J Lascano Campa, Executive Officer/Clerk of the Court By Madeline Youngberg, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WRE SoCal, Inc dba Windermere Desert Properties, a California Corporation, and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HK Lane La Quinta Inc., a California coporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court County of Riverside

3255 E Tahquitz Canyon Way, Palm Springs, CA 92262

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| CVPS2603973 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE:<br>*(Fecha)* | 05/06/2026 | | Clerk, by<br>*(Secretario)* | M. Youngberg | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

GC68150(g)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Riverside on 05/06/2026 02:17 PM
Case Number CVPS2603973 0000166496830 - Jason B. Galkin, Executive Officer/Clerk of the Court By Madeline Youngberg, Clerk

**PLD-C-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 138773 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Jeff Katofsky <br> FIRM NAME: Katofsky Law <br> STREET ADDRESS: 4558 Sherman Oaks Ave <br> CITY: Sherman Oaks    STATE: CA    ZIP CODE: 91403 <br> TELEPHONE NO.: (818) 990-1475    FAX NO.: <br> EMAIL ADDRESS: jeff@katofskylaw.com <br> ATTORNEY FOR (name): HK Lane La Quinta Inc | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 3255 E Tahquitz Canyon Way
MAILING ADDRESS: 3255 E Tahquitz Canyon Way
CITY AND ZIP CODE: Palm Springs CA 92262
BRANCH NAME: Palm Springs Branch

PLAINTIFF: HK Lane La Quinta Inc, a California Corporation

DEFENDANT: WRE SoCal, Inc dba Windermere Desert Properties, A California Corporation

[ x ] DOES 1  TO 10

**CONTRACT**

| | | |
|---|---|---|
| [ x ] COMPLAINT | [ ] AMENDED COMPLAINT (Number): | |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT (Number): | |

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| [ ] **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)** <br> Amount demanded [ ] does not exceed $10,000 <br> [ ] exceeds $10,000 <br> [ x ] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)** <br> [ ] **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint** <br> [ ] from limited to unlimited <br> [ ] from unlimited to limited | CVPS2603973 |

1. **Plaintiff*** (name or names):
   HK Lane La Quinta, Inc

   alleges causes of action against **defendant*** (name or names):
   WRE SoCal, Inc dba Windermere Desert Properties, A California Corporation

2. This pleading, including attachments and exhibits, consists of the following number of pages: 10

3. a. Each plaintiff named above is a competent adult
      [ x ] **except** plaintiff (name): HK Lane La Quinta Inc, a California Corporation
      (1) [ x ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] other (specify):
   b. [ ] Plaintiff (name):
      (1) [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      (2) [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [ x ] **except** defendant (name): WRE SoCal, Inc dba Winderm    [ ] **except** defendant (name):
      (1) [ ] a business organization, form unknown.         (1) [ ] a business organization, form unknown.
      (2) [ x ] a corporation.                                (2) [ ] a corporation.
      (3) [ ] an unincorporated entity (describe):            (3) [ ] an unincorporated entity (describe):

      (4) [ ] a public entity (describe):                     (4) [ ] a public entity (describe):

      (5) [ ] other (specify):                                (5) [ ] other (specify):

\* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.    Page 1 of 2

| Form Approved for Optional Use <br> Judicial Council of California <br> PLD-C-001 [Rev. January 1, 2024] | **COMPLAINT—Contract** | Code of Civil Procedure, § 425.12 <br> www.courts.ca.gov |
|---|---|---|

PLD-C-001

| SHORT TITLE:<br>HK Lane La Quiinta , WRE SoCal | CASE NUMBER:<br>CVPS2603973 |
| --- | --- |

4. b. The true names of defendants sued as Does are unknown to plaintiff.

   (1) [X] Doe defendants *(specify Doe numbers)*: 1 - 5      were the agents or employees of the named
       defendants and acted within the scope of that agency or employment.

   (2) [X] Doe defendants *(specify Doe numbers)*: 6 - 10      are persons whose capacities are unknown to
       plaintiff.

  c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.

  d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5. [ ] Plaintiff is required to comply with a claims statute, **and**

  a. [ ] has complied with applicable claims statutes, *or*

  b. [ ] is excused from complying because *(specify)*:

6. [ ] This action is subject to   [ ] Civil Code section 1812.10   [ ] Civil Code section 2984.4.

7. This court is the proper court because

  a. [X] a defendant entered into the contract here.

  b. [ ] a defendant lived here when the contract was entered into.

  c. [ ] a defendant lives here now.

  d. [X] the contract was to be performed here.

  e. [X] a defendant is a corporation or unincorporated association and its principal place of business is here.

  f. [ ] real property that is the subject of this action is located here.

  g. [ ] other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

  [X] Breach of Contract

  [ ] Common Counts

  [ ] Other *(specify)*:

9. [ ] Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

  a. [X] damages of: $1,125,000.00

  b. [X] interest on the damages

    (1) [X] according to proof

    (2) [ ] at the rate of *(specify)*:   percent per year from *(date)*:

  c. [X] attorney's fees

    (1) [ ] of: $

    (2) [X] according to proof.

  d. [X] other *(specify)*:
    costs of suit, such other and further relief as the Court may deem just

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 6 May 2026

Jeff Katofsky

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

| PLD-C-001 [Rev. January 1, 2024] | **COMPLAINT—Contract** | Page 2 of 2 |
| --- | --- | --- |

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| HK Lane La Quinta v WRE SoCal | CVPS2603973 |

FIRST _____ CAUSE OF ACTION—Breach of Contract
(number)

ATTACHMENT TO    ☑ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name):* HK Lane La Quinta Inc, a California Corporation

alleges that on or about *(date):* 9 June 2023
a ☑ written    ☐ oral    ☐ other *(specify):*
agreement was made between *(name parties to agreement):*
HK Lane La Quinta and WRE SoCal Inc
☑ A copy of the agreement is attached as Exhibit A, or
☐ The essential terms of the agreement    ☐ are stated in Attachment BC-1    ☐ are as follows *(specify):*

BC-2.  On or about *(dates):* 6 May 2026
defendant breached the agreement by    ☐ the acts specified in Attachment BC-2    ☑ the following acts
*(specify):*

failure to make timely quarterly payment and causing an acceleration under the loan agreement
to cause the entire amount due. See Exhibit B

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4    ☑ as follows *(specify):*
$1,125,000 plus interest at the legal rate

BC-5.  ☑ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☑ according to proof.

BC-6.  ☑ Other:
costs of suit
such further and additional relief as the Court may deem just

Page _____

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]        CAUSE OF ACTION—Breach of Contract        Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

# EXHIBIT A

## PROMISSORY NOTE

Dated to be effective as
of June 9 2023

$1,425,000

### I.    COVENANT TO PAY.

1.1    Promise to Pay. FOR VALUE RECEIVED, WRE SoCal, Inc., d/b/a Windermere Desert Properties, a California corporation (herein called "Maker", whether one or more), promises to pay to the order of HK Lane La Quinta, Inc., a California Corporation [herein, together with all subsequent holders of this Promissory Note ("Note"), called "Payee"], on or before the 31st day of May, 2028 (the "Maturity Date"), as hereinafter provided, the principal sum of One Million Four Hundred Twenty Five Thousand Dollars ($1,425,000), or so much thereof as may actually be outstanding hereunder, together with interest on the unpaid principal balance from time to time outstanding at the rate herein specified and otherwise in strict accordance with the terms and provisions hereof.

### II.    INTEREST RATE COMPUTATION.

2.1    Interest Rate. Except as otherwise provided herein, interest on the principal balance of this Note outstanding from time to time shall accrue at the lesser of (a) the Applicable Rate (as defined herein) or (b) the Maximum Lawful Rate (as defined herein).

2.2    Default Rate. Upon the occurrence of a default hereunder, at the option of the Payee, the principal balance of this Note then outstanding shall bear interest for the period beginning with the date of occurrence of such default at the Default Rate (as defined herein).

2.3    Definitions. As used in this Note, the following terms shall have the respective meanings indicated below:

"Applicable Rate" shall mean, at any time, a fixed rate of interest of zero percent (0%) per annum.

"Charges" shall mean all fees and charges, if any, contracted for, charged, received, taken or reserved by Payee in connection with the transactions relating to this Note and the indebtedness evidenced hereby which are treated as interest under applicable law.

"Default Rate" shall mean the Maximum Lawful Rate or, if no Maximum Lawful Rate exists, ten percent (10%) per annum.

"Maximum Lawful Rate" shall mean the maximum lawful rate of interest which may be contracted for, charged, taken, received or reserved by Payee in accordance with the applicable laws of the State of California (or applicable United States federal law to the extent that it permits Payee to contract for, charge, take, receive or reserve a greater amount of interest than under California law), taking into account all Charges made in connection with the loan evidenced by this Note and the Loan Documents.

PROMISSORY NOTE – Page 1

2.4    Interest Limitation Recoupment. Notwithstanding anything in this Note to the contrary, if at any time (i) interest at the Applicable Rate, (ii) interest at the Default Rate, if applicable, and (iii) the Charges computed over the full term of this Note, exceed the Maximum Lawful Rate, then the rate of interest payable hereunder, together with all Charges, shall be limited to the Maximum Lawful Rate.

2.5    Computation Period. Except for the computation of the Maximum Lawful Rate which shall be undertaken on the basis of a 365-day year, as the case may be, interest on the indebtedness evidenced by this Note shall be computed on the basis of a 360-day year or on such basis as is provided to Payee of the funds borrowed from Bank One and shall accrue on the actual number of days any principal balance hereof is outstanding.

III.    PAYMENTS.

3.1    Payment Schedule.

        (a)    Payment Dates. The principal amount of the Loan shall be payable in consecutive quarterly installments equal to thirteen percent (13%) of Company Dollars (as that term is defined in the Asset Purchase Agreement between Borrower and Noteholder of even date) for the quarter immediately preceding the payment (each payment is an "Installment Payment"). Installment Payments will be paid on the January 31, April 30, July 31, and October 31 of each year. The first Installment Payment made under this Note will be made on October 31, 2023. The final Installment Payment will be made on May 31, 2028. On May 31, 2028, all amounts then outstanding under this Note, including principal, accrued and unpaid interest, and any unpaid fees, shall be due and payable.

        (b)    Notwithstanding the foregoing, in the event that the dollar volume of closed sales attributable to the individual licensees who transferred from Seller to Purchaser at Closing is less than $50,000,000 in any quarter, then the Installment Payment for that quarter shall be eight percent (8%) of Company Dollars instead of 13%.

3.2    Application. Subject to the terms of Section 3.6, all payments on this Note shall, at the sole option of Payee, be applied at any time and from time to time and in any order, to the following: (i) the payment of accrued but unpaid interest hereon, (ii) the payment or reimbursement of any expenses, costs or obligations (other than the principal hereof and interest hereon) for which Maker shall be obligated or Payee entitled pursuant to the provisions hereof, and (iii) the payment of all or any portion of the principal balance then outstanding hereunder.

3.3    Place. All payments hereunder shall be wired or electronically transferred as Payee may designate to Maker.

3.4    Business Days. If any payment of principal or interest on this Note shall become due and payable on a Saturday, Sunday or any other day on which all Federal Banks are not open for normal business, such payment shall be made on the next succeeding business day. Any such extension of time for payment shall be included in computing interest which has accrued and shall be payable in connection with such payment.

PROMISSORY NOTE – Page 2

DocuSign Envelope ID: 30E5D076-8EDD-41E4-9190-4A7102DD50343

3.5     Legal Tender. All amounts payable hereunder are payable in lawful money or legal tender of the United States of America.

3.6     Prepayment. Maker shall have the right to prepay, at any time and from time to time without premium or penalty, the entire unpaid principal balance of this Note or any portion thereof. Any such partial prepayments shall be applied to the outstanding principal balance of the Loan.

IV.     DEFAULT AND REMEDIES.

4.1     Default. Maker shall be in default hereunder if any default be made in the payment, in whole or in part, of any sum provided for herein when due and such default shall continue for a period of five (5) Business Days, after the due date hereof..

4.2     Remedies. If a default shall occur pursuant to Section 4.1 above, then Payee may, at its option, without notice or demand, declare the unpaid principal balance of, and the accrued but unpaid interest on, this Note immediately due and payable, foreclose all liens and security interests securing payment hereof, pursue any and all other rights, remedies and recourses available to Payee or pursue any combination of the foregoing. All remedies hereunder and at law or in equity shall be cumulative.

4.3     Waiver. Maker and any endorsers hereof severally waive presentment and demand for payment, notice of intent to accelerate maturity, notice of acceleration of maturity, protest and notice of protest and non-payment, bringing of suit and diligence in taking any action to collect any sums owing hereunder or in proceeding against any of the rights and collateral securing payment hereof. Maker and any endorsers hereof agree (i) that the time for any payments hereunder may be extended from time to time without notice and consent, (ii) to the acceptance of further collateral, and/or (iii) the release of any existing collateral for the payment of this Note, all without in any manner affecting their liability under or with respect to this Note. No extension of time for the payment of this Note or any installment hereof shall affect the liability of Maker under this Note or any endorser hereof even though the Maker or such endorser is not a party to such agreement.

4.4     No Waiver. Failure of Payee to exercise any of the options granted herein to Payee upon the happening of one or more of the events giving rise to such options shall not constitute a waiver of the right to exercise the same or any other option at any subsequent time in respect to the same or any other event. The acceptance by Payee of any payment hereunder that is less than payment in full of all amounts due and payable at the time of such payment shall not constitute a waiver of the right to exercise any of the options granted herein to Payee at that time or at any subsequent time or nullify any prior exercise of any such option without the express written acknowledgment of the Payee.

4.5     Collection Costs. Maker agrees to pay all costs of collection hereof when incurred, including attorneys' fees, whether or not any legal action shall be instituted to enforce this Note.

V.     MISCELLANEOUS.

5.1     Notices. All notices or other communications required or permitted to be given pursuant hereto shall be in writing and shall be deemed properly given if (i) mailed by first class United

PROMISSORY NOTE – Page 3

DocuSign Envelope ID: 30E5D076-8EDD-41E4-9190-81702DD5A3A3

States mail, postage prepaid, registered or certified with return receipt requested, (ii) by delivering same in person to the intended addressee, or (iii) by delivery to an independent third party commercial delivery service for same day or next day delivery and providing for evidence of receipt at the office of the intended addressee. Notice so mailed shall be effective three (3) days after its deposit with the United States Postal Service or any successor thereto; notice sent by such a commercial delivery service shall be effective upon delivery to the addressee; notice given by personal delivery shall be effective only if and when received by the addressee; and notice given by other means shall be effective only if and when received at the designated address of the intended addressee. Either party shall have the right to change its address for notice hereunder to any other location within the continental United States by the giving of thirty (30) days' notice to the other party in the manner set forth herein. For purposes of such notices, the addresses of the parties shall be as follows:

Payee:

HK Lane La Quinta, Inc
c/o Jeff Katofsky, Esq.
4558 Sherman Oaks Ave.
Sherman Oaks CA 91403
Email: Jeff@katofskylaw.com

Maker:

WRE Socal, Inc d/b/a Windermere Desert Properties
73-725 El Paseo
Palm Desert, CA 92260
Email: lacey.williams@windermere.com

5.2　Governing Law. THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA AND THE APPLICABLE LAWS OF THE UNITED STATES OF AMERICA. THIS NOTE IS PERFORMABLE IN LOS ANGELES COUNTY, CALIFORNIA. Any action or proceeding under or in connection with this Note against Maker or any other party ever liable for payment of any sums of money payable on this Note may be brought in any state or federal court in Indio County, California. Maker and each such other party hereby irrevocably (i) submits to the nonexclusive jurisdiction of such courts, and (ii) waives any objection it may now or hereafter have as to the venue of any such action or proceeding brought in such court or that such court is an inconvenient forum.

5.3　Interest Limitation. It is expressly stipulated and agreed to be the intent of Maker and Payee at all times to comply with the applicable California law governing the maximum rate or amount of interest payable on this Note or the indebtedness evidenced hereby (or applicable United States federal law to the extent that it permits Payee to contract for, charge, take, reserve or receive a greater amount of interest than under California law). If (i) the applicable law is ever judicially interpreted so as to render usurious any amount called for under this Note, or contracted

PROMISSORY NOTE – Page 4

for, charged, taken, reserved or received with respect to the indebtedness evidenced by this Note, or (ii) Payee's exercise of the option herein contained to accelerate the maturity of this Note or any prepayment by Maker results in Maker having paid any interest in excess of that permitted by applicable law, then it is Maker's and Payee's express intent that (a) all excess amounts theretofore collected by Payee be credited on the principal balance of this Note (or, if this Note has been or would thereby be paid in full, refunded to Maker), and (b) the provisions of this Note immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of the execution of any new document, so as to comply with the applicable law, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder. All sums paid or agreed to be paid to Payee for the use, forbearance and detention of the indebtedness evidenced hereby shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such indebtedness until payment in full so that the rate or amount of interest on account of such indebtedness does not exceed the usury ceiling from time to time in effect and applicable to such indebtedness for so long as debt is outstanding. Notwithstanding anything to the contrary contained herein, it is not the intention of Payee to accelerate the maturity of any interest that has not accrued at the time of such acceleration or to collect unearned interest at the time of such acceleration.

5.4     Captions.  The article and section headings used in this Note are for convenience of reference only and shall not affect, alter or define the meaning or interpretation of the text of any article or section contained in this Note.

5.5     Joint and Several Liability.  If this Note is executed by more than one party, each such party shall be jointly and severally liable for the obligations of Maker under this Note.

5.6     NO ORAL AGREEMENTS.  THIS NOTE  EMBODIES THE FINAL, ENTIRE AGREEMENT OF MAKER AND PAYEE AND SUPERSEDE ANY AND ALL PRIOR COMMITMENTS, AGREEMENTS, REPRESENTATIONS AND UNDERSTANDINGS, WHETHER WRITTEN OR ORAL, RELATING TO THE SUBJECT MATTER HEREOF AND THEREOF AND MAY NOT BE CONTRADICTED OR VARIED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OR DISCUSSIONS OF MAKER AND PAYEE.  THERE ARE NO ORAL AGREEMENTS BETWEEN MAKER AND PAYEE.  The provisions of this Note may be amended or revised only by an instrument in writing signed by the respective parties to such document.

5.7.     Severability. If any term or provision of this Note is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Note or render such term or provision invalid or unenforceable in any other jurisdiction.

INTENTIONALLY LEFT BLANK

DocuSign Envelope ID: 30E5D076-8EDD-41E4-919C-617 02DD5A5A5

5.8     Counterparts. This Note and any amendments, waivers, consents, or supplements hereto may be executed in counterparts, each of which shall constitute an original, but all of which taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page to this Note by facsimile or in electronic ("pdf" or "tif") form shall be deemed  at shall be as effective as delivery of a manually executed counterpart of this Note.

EXECUTED as of the date and year first above written.

DATE: _6/8/2023_____

MAKER:

WRE SoCal, Inc., d/b/a Windermere Desert Properties

By ___Geoffrey P. Wood_____

Name: Geoff Wood

Title: Chief Executive Officer

PROMISSORY NOTE – Page 6

# EXHIBIT B

# katofsky law

jeff katofsky, esq.
jeff@katofskylaw.com

michael h. leff, esq.
michael@katofskylaw.com

simon y. song, esq.
simon@katofskylaw.com

gary salomons, esq. - of counsel
gary@salomonslaw.com

lloyd k. chapman, esq. - of counsel
(1960-2018)

May 1, 2026

**By US Mail, FedEx and Email**
WRE SoCal Inc. dba Windermere Desert Properties
72-725 El Paseo
Palm Desert, CA  92260

bacey.williams@windermere.com
bernie.kornberg@millernash.com
ajackson@windermeareca-wm.com

    **Re:**    **Notice of Default**

To Whom It May Concern:

This firm represents HK Lane-La Quinta Inc. All communications must travel through this office.

Please take notice that pursuant to the June 9, 2023, promissory note between the parties, a quarterly payment was due April 30, 2026.

As such, you are in default of the promissory note. Based upon such, *inter alia*, §5.4 of the Primary Agreement is void. Further, my client hereby exercises its rights to impose the default interest (§2.2) and, under §4.1, the Note is accelerated making the entire balance immediately due and payable.

Our client intends to take all actions and seek all remedies provided by the promissory note and California law based upon your failure to perform.

Very truly yours,

Jeff Katofsky, Esq.

JK:jt

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**   CVPS2603973

**Case Name:**   HK LANE LA QUINTA INC. vs WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES

JEFF KATOFSKY
4558 SHERMAN OAKS AVENUE
Sherman Oaks, CA 91403

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **11/30/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2603973

**Case Name:**    HK LANE LA QUINTA INC. vs WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES

HK LANE LA QUINTA INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **11/30/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**   CVPS2603973

**Case Name:**   HK LANE LA QUINTA INC. vs WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES

WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **11/30/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: <br> **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|   | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2603973


KATOFSKY, JEFF                                    HK LANE LA QUINTA INC.
4558 SHERMAN OAKS AVENUE
Sherman Oaks, CA 91403


WRE SOCAL. INC. DBA WINDERMERE
DESERT PROPERTIES

Electronically Filed Superior Court of Contra Costa 07/16/26 20:23:49 Adams, Deputy

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY    STATE BAR NUMBER: 273496 <br> NAME: ATTICUS N. WEGMAN, ESQ., JAMES G. PERRY, ESQ. (SBN 281356) <br> FIRM NAME: ATTICUS INJURY LAW, PC <br> STREET ADDRESS: 1442 Irvine Blvd. Ste. 211 <br> CITY: Tustin                STATE: CA    ZIP CODE: 92780 <br> TELEPHONE NO.: (949) 694-9000    FAX NO.: (949)695-8530 <br> EMAIL ADDRESS: atticus@atticusinjurylaw.com, james@atticusinjurylaw.com <br> ATTORNEY FOR (name): Plaintiff, Jim Connolly, an individual | *FOR COURT USE ONLY* <br><br> SUMMONS ISSUED |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA** <br> STREET ADDRESS: 725 Court Street <br> MAILING ADDRESS: 725 Court Street <br> CITY AND ZIP CODE: Martinez, CA 94553 <br> BRANCH NAME: Wakefield Taylor Courthouse | Per local Rule, This case is assigned to Judge Marquez, Leonard E., for all purposes. |
| PLAINTIFF: Jim Connolly, an individual <br><br> DEFENDANT: Benjamin Dierauf and <br><br> [x] DOES 1 TO 100_____  Inclusive | |
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** <br> [ ] AMENDED (Number): <br> **Type** (check all that apply): <br> [ ] MOTOR VEHICLE    [x] OTHER (specify): Premises Liability <br> [ ] Property Damage    [ ] Wrongful Death <br> [x] Personal Injury    [ ] Other Damages (specify): | CASE NUMBER: |
| **Jurisdiction** (check all that apply): <br> [ ] ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000) <br> Amount demanded    [ ] does not exceed $10,000 <br>             [ ] exceeds $10,000 <br> [x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000) <br> [ ] ACTION IS RECLASSIFIED by this amended complaint <br>   [ ] from limited to unlimited <br>   [ ] from unlimited to limited | C26-02336 |

1. **Plaintiff** (name or names): Jim Connolly, an individual

   alleges causes of action against **defendant** (name or names):
   Benjamin Dierauf; and DOES 1 to 100, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult

   a. [ ] **except** plaintiff (name):

      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):

      (5) [ ] other (specify):

   b. [ ] **except** plaintiff (name):

      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):

      (5) [ ] other (specify):

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| | | |
|---|---|---|
| Form Approved for Optional Use <br> Judicial Council of California <br> PLD-PI-001 [Rev. January 1, 2024] | **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** | Code of Civil Procedure, § 425.12 <br> *www.courts.ca.gov* |

PLD-PI-001

| SHORT TITLE:<br><br>  Connolly vs. Dierauf | CASE NUMBER: |
| --- | --- |

4. ☐ Plaintiff *(name):*
     is doing business under the fictitious name *(specify):*

     and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 100             were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants *(specify Doe numbers):* 1 to 100             are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

---

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE: Connolly vs. Dierauf | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. [x] Motor Vehicle
   b. [x] General Negligence
   c. [ ] Intentional Tort
   d. [ ] Products Liability
   e. [ ] Premises Liability
   f. [ ] Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*
   a. [x] wage loss.
   b. [x] loss of use of property.
   c. [x] hospital and medical expenses.
   d. [x] general damage.
   e. [x] property damage.
   f. [x] loss of earning capacity.
   g. [x] other damage *(specify):*
       Any other relief that the court deems proper.

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [x] compensatory damages.
      (2) [ ] punitive damages.
   b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) [x] according to proof.
      (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: July 8, 2026

Atticus N. Wegman, Esq.

▶

| _____ | _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PLAINTIFF OR ATTORNEY) |

**PLD-PI-001(1)**

| SHORT TITLE:<br>Connolly vs. Dierauf, et al. | CASE NUMBER: |
|---|---|

**FIRST** _____
_____(number)_____

## CAUSE OF ACTION—Motor Vehicle

ATTACHMENT TO  [ **x** ] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Jim Connolly, an individual

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries and damages to plaintiff; the acts occurred

on *(date):* October 2, 2025

at *(place):*
St. Mary's Rd and Bollinger Canyon, Moraga CA

MV- 2. DEFENDANTS

a.  [ **x** ]  The defendants who operated a motor vehicle are *(names)*:
Benjamin Dierauf

[ **x** ] Does  1 _____ to  100 _____

b.  [ **x** ]  The defendants who employed the persons who operated a motor vehicle in the course of their employment are *(names):*
Benjamin Dierauf

[ **x** ] Does  1 _____ to  100 _____

c.  [ **x** ]  The defendants who owned the motor vehicle which was operated with their permission are *(names):*
Benjamin Dierauf

[ **x** ] Does  1 _____ to  100 _____

d.  [ **x** ]  The defendants who entrusted the motor vehicle are *(names):*
Benjamin Dierauf

[ **x** ] Does  1 _____ to  100 _____

e.  [ **x** ]  The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
Benjamin Dierauf

[ **x** ] Does  1 _____ to  100 _____

f.  [ ]  The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are

[ ] listed in Attachment MV-2f  [ ] as follows:

[ ] Does  _____ to  _____

**Page** _____

**Page 1 of 1**

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(1) [Rev. January 1, 2007] | **CAUSE OF ACTION—Motor Vehicle** | Code of Civil Procedure 425.12<br>*www.courts.ca.gov* |
|---|---|---|

PLD-PI-001(2)

| SHORT TITLE:<br>Connolly vs. Dierauf, et al. | CASE NUMBER: |
|---|---|

SECOND _____   **CAUSE OF ACTION—General Negligence**   Page ___5___
_____(number)_____

ATTACHMENT TO   [x] Complaint     [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Jim Connolly, an individual

alleges that defendant *(name):* Benjamin Dierauf

[x] Does ____1____ to ____100____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: October 2, 2025

at *(place)*: St. Mary's Rd and Bollinger Canyon, Moraga CA

*(description of reasons for liability):*
1) Plaintiff fully incorporates paragraphs 1 through MV-5 as though fully forth herein.

2) At all times herein mentioned, the Defendants were the agents and employees and were at all times mentioned acting within their scope of agency and employment.

3) On or around October 2, 2025, S/B on St. Mary's Rd near Bollinger Canyon, Plaintiff JIM CONNOLLY was operating a vehicle, lawfully, when the Defendant negligently, wantonly, recklessly, unlawfully, wrongfully, and carelessly failed to control his vehicle and struck Plaintiff JIM CONNOLLY who was also in his vehicle with such force that it caused severe and permanent injuries. Plaintiff did not have any warning or any ability to prevent being struck. At all relevant times, Defendant and Does 1 to 100, negligently entrusted the vehicle being operated and driven by Defendant BENJAMIN DIERAUF causing injuries to Plaintiff.

4) As a direct and legal cause of the negligent, wanton, reckless, unlawful, wrongful, and careless actions or inactions of the Defendant, Plaintiff JIM CONNOLLY suffered severe and permanent injuries within the unlimited jurisdiction of the Court and according to proof.

5) As a result of the negligence and other wrongful acts of the Defendant, Plaintiff JIM CONNOLLY has suffered damages to his person, both economic, non-economic, and will continue to suffer damages in the future. These damages include, without limitation, hospital and medical expenses, pain and suffering, emotional distress, and other damages as allowed by this Court according to proof.

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007] | **CAUSE OF ACTION—General Negligence** | Code of Civil Procedure 425.12<br>*www.courts.ca.gov* |
|---|---|---|

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**   CVPS2603973

**Case Name:**   HK LANE LA QUINTA INC. vs WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES

To:   HK LANE LA QUINTA INC.:

### CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the electronic transmittal of documents.  I certify that I served electronically a copy of the following documents on this date to the party(ies) listed above to their email address of record.

Document(s) transmitted: Notice of Department Assignment and Notice of Case Management Conference

Dated: 06/03/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of Court

by: _____
    M. Youngberg, Deputy Clerk

CI-CCES
(Rev. 07/07/25)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2603973

**Case Name:**    HK LANE LA QUINTA INC. vs WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES

To:   JEFF KATOFSKY: jeff@katofskylaw.com

### CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the electronic transmittal of documents.  I certify that I served electronically a copy of the following documents on this date to the party(ies) listed above to their email address of record.

Document(s) transmitted: Notice of Department Assignment and Notice of Case Management Conference

Dated: 06/03/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of Court

by:

_____
M. Youngberg, Deputy Clerk

CI-CCES
(Rev. 07/07/25)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**   CVPS2603973

**Case Name:**   HK LANE LA QUINTA INC. vs WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES

To:   WRE SOCAL. INC. DBA WINDERMERE DESERT PROPERTIES:

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the electronic transmittal of documents.  I certify that I served electronically a copy of the following documents on this date to the party(ies) listed above to their email address of record.

Document(s) transmitted: Notice of Department Assignment and Notice of Case Management Conference

Dated: 06/03/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of Court

by: _____
M. Youngberg, Deputy Clerk

CI-CCES
(Rev. 07/07/25)

Electronically FILED by Superior Court of California, County of Riverside on 06/22/2026 12:00 AM
Case Number CVPS2603973 0000171719050 - Jason B. Galkin, Executive Officer/Clerk of the Court By Angela Skelton, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Jeff Katofsky Esq.<br>Jeff Katofsky SBN 138773<br>4558 Sherman Oaks Avenue<br>Sherman Oaks, CA 91403<br>　　　　　TELEPHONE NO:　(818)990-1475　　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*:　jeff@katofskylaw.com<br>　　ATTORNEY FOR *(Name)*:　Plaintiff | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Riverside<br>　STREET ADDRESS:　3255 E. Tahquitz Canyon Way<br>　MAILING ADDRESS:<br>　CITY AND ZIP CODE:　Palm Springs, 92262<br>　BRANCH NAME:　Riverside - Palm Springs | |
|---|---|

| PLAINTIFF / PETITIONER:　HK LANE LA QUINTA, INC.<br>DEFENDANT / RESPONDENT:　WRE SOCAL. INC., et al. | CASE NUMBER:<br>CVPS2603973 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>16056169 (28165275) |

*(Separate proof of service is required for each party served.)*

1.　At the time of service I was at least 18 years of age and not a party to this action.

2.　I served copies of:
　a.　[X]　Summons
　b.　[X]　Complaint
　c.　[X]　Alternative Dispute Resolution (ADR) Package
　d.　[X]　Civil Case Cover Sheet *(served in complex cases only)*
　e.　[ ]　Cross-Complaint
　f.　[X]　Other *(specify documents)*:　Certificate of Counsel, Stipulation for Alternative Dispute Resolution, Notice of Department Assignment , Notice of Case Management Conference (x3)

3.　a.　Party served *(specify name of party as shown on documents served)*:
　　　WRE SoCal, Inc dba Windermere Desert Properties, A California Corporation
　b.　[X]　Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
　　　Anthony Jackson - Person Authorized to Accept Service of Process

4.　Address where the party was served:
　　100 Howe Ave 250N, Sacramento, CA 95825

5.　I served the party *(check proper box)*
　a.　[ ]　**by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　　　　　　　　　　(2) at *(time)*:
　b.　[X]　**by substituted service**. On *(date)*:　Tue, Jun 16 2026　　　at *(time)*:　01:08 PM　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
　　　Sarah Baty - Controller
　　(1)　[X]　**(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
　　(2)　[ ]　**(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
　　(3)　[ ]　**(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
　　(4)　[X]　I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
　　　　from *(city)*:　　　　　　　　　　　　or [X] a declaration of mailing is attached.
　　(5)　[ ]　I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:   HK LANE LA QUINTA, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   WRE SOCAL. INC., et al. | CVPS2603973 |

5.   c.   [ ]   **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)   on *(date)*:                    (2)   from *(city)*:

    (3)   [ ]   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)   [ ]   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   [ ]   **by other means** *(specify means of service and authorizing code section)*:

    [ ]   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

  a.   [ ]   as an individual defendant.

  b.   [ ]   as the person sued under the fictitious name of *(specify)*:

  c.   [ ]   as occupant.

  d.   [X]   On behalf of *(specify)*:   WRE SoCal, Inc dba Windermere Desert Properties, A California Corporation

    under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| [X]   416.10 (corporation) | [ ]   415.95 (business organization, form unknown) | |
| [ ]   416.20 (defunct corporation) | [ ]   416.60 (minor) | |
| [ ]   416.30 (joint stock company/association) | [ ]   416.70 (ward or conservatee) | |
| [ ]   416.40 (association or partnership) | [ ]   416.90 (authorized person) | |
| [ ]   416.50 (public entity) | [ ]   415.46 (occupant) | |
| [ ]   other: | | |

7.   **Person who served papers**

  a.   Name:                 Sequoia Sims

  b.   Address:            5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

  c.   Telephone number:    800-938-8815

  d.   **The fee** for service was:  $125.00

  e.   I am:

    (1)   [ ]   not a registered California process server.

    (2)   [ ]   exempt from registration under Business and Professions Code section 22350(b).

    (3)   [X]   a registered California process server:

        (i)   [ ] owner   [ ] employee   [X] independent contractor

        (ii)   Registration No:   2022-044

        (iii)   County:   Sacramento

8.   [X]   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.   [ ]   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   June 19, 2026

Sequoia Sims
_____
  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

_____
                        (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER:    HK LANE LA QUINTA, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:    WRE SOCAL. INC., et al. | CVPS2603973 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954.

On 6/18/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Certificate of Counsel, Civil Case Cover Sheet, Summons, Alternative Dispute Resolution Information Package, Stipulation for Alternative Dispute Resolution, Notice of Department Assignment , Notice of Case Management Conference (x3)

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

WRE SoCal, Inc dba Windermere Desert Properties, A California Corporation
Anthony Jackson - Person Authorized to Accept Service of Process
100 Howe Ave, 250N
Sacramento, CA 95825

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   6/18/2026

Kendall Holmes

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* InfoTrack US, Inc.