Jeff Katofsky, Esq. (SBN 138773)
jeff@katofskylaw.com
KATOFSKY LAW
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403 – Tel: 818-990-475

Attorneys for Plaintiff:
HK LANE LA QUINTA, INC.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA / RIVERSIDE DIVISION

| | |
|---|---|
| HK LANE PALM DESERT, INC. | Case #: 6:24-bk-13474-SY |
| Debtor, | Adv. #: 6:26-ap-01078-SY |
| WRE SOCAL INC. D/B/A WINDERMERE DESERT PROPERTIES | PLAINTIFF HK LANE LA QUINTA, INC.'S NOTICE OF MOTION AND MOTION TO REMAND WRE SOCAL INC. D/B/A WINDERMERE DESERT PROPERTIES REMOVAL OF CIVIL ACTION TO THE UNITED STATES BANKRUPTCY COURT |
| Plaintiff-In-Interpleader | |
| v. | |
| HK LANE LA QUINTA, INC. and ARTURO CISNEROS, CHAPTER 7 TRUSTEE, | Date: August 27, 2026 Time: 9:30 a.m. Department: 302 |
| Defendants in Interpleader | |
| ARTURO CISNEROS, CHAPTER 7 TRUSTEE, | |
| Cross-Claimant, | |
| v. | |
| HK LANE LA QUINTA, INC., | |
| Cross-Defendant. | |
| ARTURO CISNEROS, CHAPTER 7 TRUSTEE, | |
| Counter-Claimant, | |
| v. | |
| WRE SOCAL, INC., D/B/A WINDERMERE DESERT PROPERTIES, | |
| Counterclaim-Defendant. | |
| AND ALL RELATED ADVERSARY ACTIONS | |

1

MOTION TO REMAND

**PLEASE TAKE NOTICE** that on August 27, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard in Department 302 of United States Bankruptcy Court, located at 3420 Twelfth Street, Riverside, CA 92501-3819, Plaintiff HK Lane La Quinta, Inc. ("HKLLQ") will move for an order remanding this action to the Superior Court of California, County of Riverside, Palm Springs Branch.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Jeff Katofsky, Esq. in support, exhibits attached thereto, the court file and oral arguments presented at the time of the hearing on the within motion.

DATED:  July 24, 2026                    KATOFSKY LAW

By:_____
Jeff Katofsky, Esq.
Attorney for Defendant in Interpleader
HK LANE LA QUINTA, INC

2

MOTION TO REMAND

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................5

1. INTRODUCTION .........................................................................................................5

2. FACTUAL AND PROCEDURAL BACKGROUND.....................................................7

3. LEGAL STANDARD ....................................................................................................8

4. ARGUMENT.................................................................................................................10

    A. Equitable Remand Is Warranted.............................................................................10

    B. There Is No Independent Basis for Federal Jurisdiction .......................................10

    C. Both Parties Are Non-Debtors................................................................................11

    D. The State-Law Claim Can Be Separated from the Trustee's Claims......................11

    E. Remand Will Not Impair Administration of the Estate ..........................................12

    F. Comity for State Law Favors Remand.....................................................................12

    G. WRE Must Not Be Permitted to Use the Bankruptcy Proceeding to Relocate the Contract Action   13

    H. WRE's Own Adversary Proceeding Treats the APA and Note as Operative ...........13

5. PERMISSIVE ABSTENTION IS APPROPRIATE.....................................................14

6. ALTERNATIVELY, MANDATORY ABSTENTION APPLIES...................................14

7. HKLLQ DOES NOT SEEK TO DIVEST THE COURT OF CONTROL OVER ESTATE PROPERTY 15

8. CONCLUSION..............................................................................................................15

MOTION TO REMAND

# TABLE OF AUTHORITIES

**Cases**

In re Cedar Funding, Inc., 419 B.R. 807 (B.A.P. 9th Cir. 2009)........................................9

In re Conejo Enterprises, Inc., 96 F.3d 346 (9th Cir. 1996).............................................9

**Statutes**

11 U.S.C. § 548 ......................................................................................................6, 8, 11

11 U.S.C. § 550 ......................................................................................................6, 8, 11

28 U.S.C. § 1334(b) ..........................................................................................................6

28 U.S.C. § 1334(c)(1)................................................................................................9, 14

28 U.S.C. § 1334(c)(2)................................................................................................9, 14

28 U.S.C. § 1452(a)...........................................................................................................6

28 U.S.C. § 1452(b) .......................................................................................6, 8, 14, 15

**Rules**

Fed. R. Bankr. P. 9027 ......................................................................................................8

MOTION TO REMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Defendant WRE SoCal, Inc., d/b/a Windermere Desert Properties ("WRE"), has attempted to remove a California breach-of-contract action involving two non-debtor entities into the bankruptcy case of HK Lane Palm Desert, Inc. The Complaint identifies HK Lane La Quinta, Inc. ("HKLLQ") as the plaintiff and WRE as the defendant, and pleads a single cause of action for breach of contract. (Compl. at pp. 1–3.) The Notice of Removal separately identifies HK Lane Palm Desert, Inc. as the Chapter 7 debtor. (Notice of Removal at p. 1; ¶ 5, p. 2.)

The removed Complaint alleges that WRE failed to make the quarterly payment due April 30, 2026 under a promissory note dated June 9, 2023. (Compl. at p. 3, BC-1–BC-2; Compl., Ex. A, Promissory Note at p. 2, § 3.1(a).) It alleges that the missed payment resulted in default and acceleration of the balance and seeks $1,125,000, interest, attorneys' fees, and costs. (Compl. at p. 2, ¶ 10; p. 3, BC-2–BC-6; Compl., Ex. A, Promissory Note at p. 3, §§ 4.1–4.2, 4.5.) The Complaint does not name the Debtor or Chapter 7 Trustee Arturo Cisneros as defendants and does not assert any cause of action under the Bankruptcy Code. (Compl. at pp. 1–3.) The Trustee's fraudulent-transfer claims are identified only in WRE's description of the separate adversary proceeding. (Notice of Removal ¶¶ 7–8, pp. 2–3.)

The removal is both equitably unwarranted and procedurally irregular. WRE filed the Notice of Removal under the caption and case number of the Debtor's main Chapter 7 case, Case No. 6:24-bk-13474-SY, while leaving the adversary-proceeding number blank. (Notice of Removal at p. 1.) Yet WRE expressly acknowledges that a separate interpleader adversary proceeding involving the Note is already pending as Adv. No. 6:25-ap-01133-SY. (Notice of Removal ¶ 7, pp. 2–3.) The face of the Notice therefore does not identify either a newly opened adversary proceeding for the removed civil action or the existing interpleader adversary proceeding as the docket in which the

MOTION TO REMAND

removed action was placed. (Notice of Removal at p. 1; ¶ 7, pp. 2–3.)

The defect underscores the fundamental problem with removal. The state-court action has its own plaintiff, defendant, Complaint, cause of action, and requested relief. (Compl. at pp. 1–3.) The existing adversary proceeding, by contrast, was commenced by WRE against the Trustee and HKLLQ to interplead payments allegedly due under the Note and now includes the Trustee's counterclaim and cross-claim. (Notice of Removal ¶¶ 7–8, pp. 2–3.) The documents therefore reflect separate proceedings involving different claims and procedural postures. WRE's Complaint is an admission that it owes non debtor HKLLQ the amount due under the note.

WRE also concedes that the removed action is "a non-core proceeding that is related to the Bankruptcy Case." (Notice of Removal ¶ 12, pp. 3–4.) WRE invokes jurisdiction under 28 U.S.C. § 1334(b) and removal under 28 U.S.C. § 1452(a). (Notice of Removal ¶¶ 9–11, p. 3.) The Complaint itself presents only a California breach-of-contract claim and identifies no federal cause of action. (Declaration of Jeff Katofsky ¶1 , Exhibit A Compl. at pp. 1–3.) The Promissory Note further provides that it is governed by California law. (Compl., Ex. A, Promissory Note at p. 4, § 5.2.)

The Superior Court can determine whether WRE failed to make the April 30, 2026 payment, whether that failure constituted a default, whether HKLLQ properly accelerated the Note, and the amount contractually due. Those are the issues pleaded in the Complaint and addressed by the Note's payment, default, and remedies provisions. (Compl. at p. 3, BC-1–BC-5; Compl., Ex. A, Promissory Note at p. 2, § 3.1(a), and p. 3, §§ 4.1–4.5.) This Court may separately determine the Trustee's claims to avoid and recover transfers under 11 U.S.C. §§ 548 and 550, the Trustee's request for declaratory relief concerning the APA, and the ownership or disposition of any payments. (Notice of Removal ¶ 8, p. 3.)

Accordingly, the Court should abstain and remand the action under 28 U.S.C. §§ 1334(c) and 1452(b).

MOTION TO REMAND

## 2. FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2026, HKLLQ commenced this action in the Riverside County Superior Court, Palm Springs Branch. (Compl. at pp. 1–3.) WRE identifies the action as *HK Lane La Quinta, Inc. v. WRE SoCal, Inc. d/b/a Windermere Desert Properties*, Case No. CVPS2603973. (Notice of Removal ¶ 1, p. 2.)

The Complaint asserts a single cause of action for breach of contract. (Compl. at p. 2, ¶ 8; p. 3.) It alleges that HKLLQ and WRE entered into a written promissory note dated June 9, 2023 and that WRE failed to make a timely quarterly payment. (Compl. at p. 3, BC-1–BC-2.) The Note requires quarterly payments on January 31, April 30, July 31, and October 31 of each year. (Compl., Ex. A, Promissory Note at p. 2, § 3.1(a).) The Complaint alleges that the missed payment triggered acceleration of the amount due and seeks $1,125,000, interest, attorneys' fees, and costs. (Compl. at p. 2, ¶ 10; p. 3, BC-2–BC-6.) The Note provides that a payment default continuing for five business days constitutes a default and authorizes acceleration of the unpaid balance. (Compl., Ex. A, Promissory Note at p. 3, §§ 4.1–4.2.)

The Complaint names WRE and Does 1 through 10 as defendants. (Compl. at pp. 1–2.) It does not name HK Lane Palm Desert, Inc. or Chapter 7 Trustee Arturo Cisneros and does not assert any Bankruptcy Code claim. (Compl. at pp. 1–3.)

HK Lane Palm Desert, Inc. filed its Chapter 7 petition on June 20, 2024. (Notice of Removal ¶ 5, p. 2.) According to WRE, the Debtor and HKLLQ were sellers under a June 8, 2023 Asset Purchase Agreement through which WRE purchased substantially all of the sellers' residential real-estate brokerage assets, and the Note was executed as part of the consideration for the APA. (Notice of Removal ¶ 6, p. 2.)

WRE subsequently commenced an adversary proceeding against Chapter 7 Trustee Arturo Cisneros and HKLLQ, Adv. No. 6:25-ap-01133-SY, to interplead "the payments due under the Note"

7

MOTION TO REMAND

because HKLLQ and the Trustee allegedly assert competing claims to those payments. (Notice of Removal ¶ 7, pp. 2–3.) This is an admission that the fees under the note are due and WRE makes no claim to them, nor any reference to the payments. The Trustee thereafter asserted a counterclaim against WRE and a cross-claim against HKLLQ seeking avoidance and recovery of transfers under 11 U.S.C. §§ 548 and 550 and declaratory relief concerning the APA. (Notice of Removal ¶ 8, p. 3.) Those claims are pending in the separately identified adversary proceeding and are not causes of action pleaded in HKLLQ's state-court Complaint. (Compl. at pp. 1–3; Notice of Removal ¶¶ 7–8, pp. 2–3.)

WRE filed its Notice of Removal on July 16, 2026 under 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027. (Notice of Removal at pp. 1, 4.) WRE contends that the contract action is "related to" the bankruptcy because it seeks the same Note payments implicated by the interpleader and the Trustee's avoidance claims, because the Trustee contends the Note is void, and because WRE asserts that the Note is jointly owned by the Debtor and HKLLQ. (Notice of Removal ¶ 10, p. 3.)

Significantly, WRE expressly characterizes the removed action as "a non-core proceeding that is related to the Bankruptcy Case." (Notice of Removal ¶ 12, pp. 3–4.)

## 3. LEGAL STANDARD

Under 28 U.S.C. § 1452(b), the court to which a bankruptcy-related claim has been removed "may remand such claim or cause of action on any equitable ground." That language provides bankruptcy courts with unusually broad authority to return state-law disputes to state court. Courts in the Ninth Circuit commonly consider the following factors:

1. the effect of remand on efficient administration of the bankruptcy estate;
2. the extent to which state-law issues predominate;
3. whether applicable state law is difficult or unsettled;
4. the existence of a related proceeding in state court or another nonbankruptcy forum;
5. the existence of any jurisdictional basis other than § 1334;

MOTION TO REMAND

6.  the degree of relatedness or remoteness to the bankruptcy case;
7.  the substance, rather than the form, of any asserted core proceeding;
8.  the feasibility of separating state-law claims from core bankruptcy matters;
9.  the burden on the bankruptcy court's docket;
10. the likelihood of forum shopping;
11. the existence of a jury-trial right;
12. the presence of non-debtor parties;
13. comity; and
14. possible prejudice to the parties.

*In re Cedar Funding, Inc.*, 419 B.R. 807, 820–21 & n.18 (B.A.P. 9th Cir. 2009).

The Court need not mechanically address every factor. The inquiry is equitable and turns upon the circumstances of the particular proceeding.

Section 1334(c)(1) authorizes the Court, "in the interest of justice," "in the interest of comity with State courts," or out of "respect for State law," to abstain from hearing a proceeding arising under, arising in, or related to a bankruptcy case.

The considerations governing discretionary abstention substantially overlap with the equitable-remand factors. Where a case involves only state-law claims, non-debtor parties, no independent basis of federal jurisdiction, and limited connection to estate administration, permissive abstention and remand are appropriate.

Under 28 U.S.C. § 1334(c)(2), the Court must abstain upon a timely motion when:

1.  the proceeding is based on state law;
2.  the proceeding is related to a bankruptcy case but does not arise under the Bankruptcy Code or arise in the bankruptcy case;
3.  federal jurisdiction would not otherwise exist;
4.  the action was commenced in an appropriate state forum; and
5.  the action can be timely adjudicated there.

The Ninth Circuit has recognized the applicability of mandatory abstention to a non-core state-law action related to a bankruptcy proceeding. *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 350–51 (9th Cir. 1996).

MOTION TO REMAND

## 4. ARGUMENT

### A. Equitable Remand Is Warranted

The removed complaint asserts one California breach-of-contract claim. The elements of that claim, interpretation of the note, the occurrence of default, acceleration, damages, interest, and attorneys' fees are all governed by California law. HKLLQ does not invoke the Bankruptcy Code. It does not seek avoidance of a transfer, turnover of estate property, allowance of a claim, or any other relief created by federal bankruptcy law. The mere fact that a contractual instrument may also be relevant to a separate bankruptcy proceeding does not transform enforcement of that instrument into a bankruptcy claim. The state court can determine WRE's contractual liability without deciding the Trustee's avoidance causes of action. This factor weighs heavily in favor of remand.

WRE affirmatively states in its Notice of Removal that "[t]he State Court Action is a non-core proceeding that is related to the Bankruptcy Case." That concession is significant. The contract claim does not arise only in bankruptcy and could plainly exist outside bankruptcy. It was brought by one non-debtor corporation against another non-debtor corporation based upon an alleged preexisting contractual obligation. Because the proceeding is non-core, the justification for displacing the state forum is substantially diminished.

### B. There Is No Independent Basis For Federal Jurisdiction

WRE identifies no basis for federal jurisdiction other than 28 U.S.C. § 1334. There is no federal claim on the face of the complaint, and WRE does not invoke diversity jurisdiction. Where bankruptcy "related to" jurisdiction is the sole federal hook, the absence of any independent jurisdictional basis weighs strongly in favor of remand.

//

MOTION TO REMAND

### C. **Both Parties Are Non-Debtors**

Neither HKLLQ nor WRE is the Chapter 7 debtor. The dispute therefore does not involve a claim by or directly against the Debtor. Although WRE contends that the Trustee may claim an interest in the note payments, that issue is already before this Court in the adversary proceeding. It does not require the Court to retain a separate action concerning whether WRE breached its contractual payment obligations. Thus, the presence of exclusively non-debtor parties warrants remand.

### D. **The State Law Claim can be separated by the Trustees Claim**

The two proceedings concern distinct questions. The state court can determine:

- whether the note is enforceable between HKLLQ and WRE;
- whether WRE failed to make a required payment;
- whether the failure triggered acceleration;
- the amount contractually due; and
- whether HKLLQ is entitled to interest or attorneys' fees.

The Bankruptcy Court can separately determine:

- whether the asset purchase agreement or transfers are avoidable;
- whether payments are recoverable under 11 U.S.C. §§ 548 and 550;
- whether any recovery belongs to the bankruptcy estate;
- whether enforcement of a state-court judgment must be stayed or limited; and
- how any funds should ultimately be distributed.

A state-court judgment determining WRE's contractual liability would not necessarily determine entitlement to possession or distribution of the resulting proceeds. Enforcement can

11

MOTION TO REMAND

remain subject to this Court's orders and the outcome of the adversary proceeding. This separation is both feasible and appropriate.

### E. Remand Will Not Impair Administration of the Estate

WRE argues that the action may affect estate property because the Trustee claims an interest in payments under the note. But a conceivable effect on the estate establishes, at most, the threshold for "related to" jurisdiction. It does not establish that federal retention is equitable.

The Trustee's claims are already pending before this Court. Remand would not dismiss those claims, alter the Trustee's avoidance rights, or deprive this Court of jurisdiction over property of the estate. The Court may preserve the status quo regarding disputed funds while permitting the state court to decide the underlying contract issues. Indeed, adjudication of contractual liability in state court may simplify the adversary proceeding by resolving whether any payment obligation exists and, if so, its amount.

### F. Comity for State Law Favors Remand

California has a strong interest in adjudicating an ordinary contract dispute filed in its courts between entities conducting business in California. State courts routinely interpret promissory notes, determine defaults and acceleration, calculate damages, and adjudicate contractual fee claims.

Nothing about the contract claim requires specialized bankruptcy expertise. Comity therefore favors allowing the California court to resolve the exclusively California-law dispute.

### G. WRE Must Not Be Permitted To Use The Bankruptcy Proceeding to Relocate the Contract Action

WRE initiated the adversary proceeding and thereafter removed HKLLQ's separate contract action into the same bankruptcy forum. Although related litigation can sometimes justify

12

MOTION TO REMAND

consolidation, the sequence also creates the danger that a party may manufacture a federal forum for an otherwise nonremovable state-law dispute by first filing a bankruptcy-related proceeding.

The Court need not find improper motive to conclude that equitable principles favor HKLLQ's original choice of forum. The question is not whether WRE was technically permitted to remove, but whether equity warrants retaining the action. Under the present circumstances, it does not.

### H. WRE's Own Adversary Proceeding Treats The Apa And Note As Operative

WRE's reliance on the pending adversary proceeding further supports remand. According to the Notice of Removal, WRE commenced that proceeding because HKLLQ and the Trustee allegedly assert competing claims to "payments due under the Note." WRE also alleges that the Note was executed as part of the consideration due under the APA.

Thus, WRE's own pleading position treats the APA and Note as existing and operative agreements giving rise to a payment obligation. Although the Trustee separately seeks to avoid the transfers associated with the APA and obtain a declaration that the APA is void, no such relief has been identified as having been granted. The Trustee's pending avoidance claim does not itself invalidate the APA or extinguish WRE's payment obligations.

Until the Bankruptcy Court enters an order avoiding the transaction or otherwise determining the parties' rights, WRE cannot treat the Trustee's allegations as though they have already nullified the APA and Note. At most, the adversary proceeding presents a dispute regarding who may ultimately be entitled to receive or recover the payments. That issue is distinct from whether WRE breached the Note, whether the balance was accelerated, and how much WRE owes questions properly adjudicated in the state-court contract action.

MOTION TO REMAND

## 5. PERMISSIVE ABSTENTION IS APPROPRIATE

The same considerations support discretionary abstention under § 1334(c)(1). The action involves only state law, was commenced in state court, concerns non-debtor parties, lacks an independent federal jurisdictional basis, and can be adjudicated without resolving the Trustee's Bankruptcy Code claims.

Abstention would serve justice and comity by permitting the state court to decide the state-law claim while this Court retains authority over the bankruptcy estate and the Trustee's avoidance claims. Section 1334 expressly authorizes abstention under precisely these circumstances. After abstaining, the Court must remand under § 1452(b).

## 6. ALTERNATIVELY, MANDATORY ABSTENTION APPLIES

Mandatory abstention under § 1334(c)(2) provides an additional basis for remand. The motion is timely and the matter is strictly based on California Law. WRE concedes that the action is merely "related to" the bankruptcy case and is non-core. The action could not have been commenced in federal court absent bankruptcy jurisdiction. No federal question appears on the face of the complaint, and WRE has not established diversity jurisdiction. HKLLQ commenced the action in Riverside County Superior Court before removal. Furthermore, the action can be timely adjudicated thee. It involves a single cause of action based upon a written note, a discrete alleged payment default, and readily ascertainable damages. No complex discovery or extensive multiparty proceeding prevents prompt adjudication. Accordingly, the statutory requirements for mandatory abstention are satisfied. After abstaining, the Court should return the action to the state forum in which it was commenced.

14

MOTION TO REMAND

## 7. HKLLQ DOES NOT SEEK TO DIVEST THE COURT OF CONTROL OVER ESTATE PROPERTY

To avoid any misunderstanding, HKLLQ does not request an order determining ownership or distribution of property of the bankruptcy estate through this motion. HKLLQ requests only that the state court be permitted to determine WRE's liability under the promissory note. Any collection, enforcement, turnover, or distribution of funds may remain subject to the Bankruptcy Code, the automatic stay to the extent applicable, and further orders of this Court. This limited remand preserves the Court's jurisdiction over estate property while respecting the state court's authority to adjudicate the underlying state-law contract claim.

## 8. CONCLUSION

For the foregoing reasons, HKLLQ respectfully requests that the Court: grant the motion; abstain from adjudicating the removed state-law action under 28 U.S.C. § 1334(c); remand *HK Lane La Quinta, Inc. v. WRE SoCal, Inc. d/b/a Windermere Desert Properties*, Riverside County Superior Court Case No. CVPS2603973, under 28 U.S.C. § 1452(b); and grant such other and further relief as the Court deems just and proper.

DATED:  July 24, 2026

KATOFSKY LAW

By: _____
Jeff Katofsky, Esq.
Attorney for Defendant in Interpleader
HK LANE LA QUINTA, INC

MOTION TO REMAND

PROOF OF SERVICE

COUNTY OF LOS ANGELES        )
                                                     ) ss.
STATE OF CALIFORNIA            )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 4558 Sherman Oaks Avenue, Sherman Oaks, CA 91403.

On 7/24/2026, I served the foregoing document described as **MOTION TO REMAND** as follows:

**XX ELECTRONIC MAIL:** by sending a PDF copy of the above-referenced document to the e-mail addresses listed on the caption of parties' pleadings as follows:

Bernard J Kornberg
Miller Nash LLP
*bernie.kornberg@millernash.com*

Thomas Casey
The Law Offices of Thmas H. Casey, Inc.
*tomcasey@tomcaseylaw.com*

**XX U.S. MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on 7/24/2026, at Sherman Oaks, California.

_____
Shant Vayvayan

16

MOTION TO REMAND