Miller Nash LLP
Bernie Kornberg
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone:562.435.8002
Facsimile:562.435.7967

Attorneys for Defendant and Cross-Complainant
WRE SoCal, Inc., d/b/a Windermere Desert Properties

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:24-bk-13474-SY |
| HK LANE PALM DESERT, INC., | Chapter 7 |
| Debtor. | Adv. Proc. No. 6:26-ap-01078-SY |
| | **DEFENDANT WRE SoCAL, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES; AND CROSS-COMPLAINT AGAINST HK LANE LA QUINTA, INC. FOR (1) BREACH OF CONTRACT; (2) FRAUD; AND (3) DECLARATORY RELIEF** |
| HK LANE LA QUINTA, INC., | |
| Plaintiff, | |
| v. | |
| WRE SOCAL, INC., D/B/A WINDERMERE DESERT PROPERTIES; and DOES 1 through 10, inclusive, | |
| Defendants. | |

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

ANSWER AND CROSS-COMPLAINT

4902-6155-8976.1

Defendant WRE SoCal, Inc., d/b/a Windermere Desert Properties ("WRE"), by and through its undersigned counsel, hereby answers the Complaint for Breach of Contract/Warranty (the "Complaint") filed by Plaintiff HK Lane La Quinta, Inc. ("HKLLQ") and removed to this Court, as follows:

**ANSWER**

**Statement Regarding Consent**

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), WRE consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

WRE responds to the numbered allegations of the Complaint's cause of action for Breach of Contract as follows:

1. Answering Paragraph BC-1, WRE admits that on or about June 9, 2023, a written agreement was made between HKLLQ and WRE, and that the agreement, a Promissory Note, is attached to the Complaint as an exhibit. WRE refers the Court to that Promissory Note for its true and complete terms.

2. Answering Paragraph BC-2, WRE denies each and every allegation contained therein, including the allegation that WRE breached the agreement by failing to make a timely quarterly payment and thereby caused an acceleration of the entire amount due.

3. Answering Paragraph BC-3, WRE denies each and every allegation contained therein, including the allegation that HKLLQ has performed all obligations required of it.

4. Answering Paragraph BC-4, WRE denies each and every allegation contained therein, including the allegation that HKLLQ suffered damages proximately caused by any breach by WRE, and specifically denies that HKLLQ has been damaged in the sum of $1,125,000, or in any other sum, plus interest at the legal rate.

5. Answering Paragraph BC-5, WRE denies each and every allegation contained therein, including the allegation that HKLLQ is entitled to attorneys' fees by agreement or statute.

6. Answering Paragraph BC-6, WRE denies each and every allegation contained therein, including the allegation that HKLLQ is entitled to costs of suit or to any other or further relief.

7. Except as expressly admitted above, WRE denies each and every allegation of the

Complaint, including the allegations set forth in the form Complaint (Judicial Council Form PLD-C-001) and the Prayer, and specifically denies that HKLLQ is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, WRE alleges as follows. By asserting these defenses, WRE does not assume any burden of proof that it would not otherwise bear.

## FIRST AFFIRMATIVE DEFENSE

*(Setoff, Offset, and Recoupment)*

8. HKLLQ's claims are barred, in whole or in part, by the doctrines of setoff, offset, and recoupment. Any amounts otherwise owed by WRE to HKLLQ under the Promissory Note are subject to setoff, offset, and recoupment by reason of HKLLQ's obligations to indemnify, defend, and hold WRE harmless, and HKLLQ's breaches of and misrepresentations in the Asset Purchase Agreement dated June 8, 2023 (the "APA"), which equal or exceed any amount claimed by HKLLQ. WRE has elected to offset all sums owed to HKLLQ against those obligations, and the payment claimed by HKLLQ was excused as a result.

## SECOND AFFIRMATIVE DEFENSE

*(Failure to State a Claim)*

9. The Complaint, and each purported cause of action alleged therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

*(Excuse and Prevention of Performance)*

10. HKLLQ's claims are barred because any performance by WRE was excused, prevented, or rendered impossible by HKLLQ's own conduct, including HKLLQ's material breaches of the APA and its failure to satisfy conditions to WRE's continued performance.

## FOURTH AFFIRMATIVE DEFENSE

*(Prior Material Breach)*

11. HKLLQ's claims are barred, in whole or in part, because HKLLQ materially breached the APA and related Transaction Documents before any alleged breach by WRE, including by

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

4902-6155-8976.1                                    - 3 -                    ANSWER AND CROSS-COMPLAINT

breaching its representations, warranties, and indemnity obligations, thereby discharging or excusing WRE's obligations.

## FIFTH AFFIRMATIVE DEFENSE

*(Failure of Consideration)*

12. HKLLQ's claims are barred, in whole or in part, by failure of consideration, in that HKLLQ failed to deliver the assets and the benefits it represented and warranted it would convey under the APA free of undisclosed liabilities and encumbrances.

## SIXTH AFFIRMATIVE DEFENSE

*(Fraud and Fraudulent Inducement)*

13. HKLLQ's claims are barred because HKLLQ fraudulently induced WRE to enter into the APA and the Promissory Note by making material misrepresentations, and by concealing material facts, including the existence of undisclosed pre-closing liabilities, pending litigation, and security interests encumbering the transferred assets, upon which WRE justifiably relied to its detriment.

## SEVENTH AFFIRMATIVE DEFENSE

*(Breach of Representations and Warranties)*

14. HKLLQ's claims are barred, in whole or in part, because HKLLQ breached the representations and warranties it made in the APA, including those concerning the absence of undisclosed liabilities, the absence of pending or threatened litigation, the unencumbered condition of the transferred assets, and the validity and enforceability of the APA.

## EIGHTH AFFIRMATIVE DEFENSE

*(Unclean Hands)*

15. HKLLQ's claims are barred by the doctrine of unclean hands by reason of HKLLQ's own inequitable conduct, including its misrepresentations and concealments in connection with the APA and the transaction.

## NINTH AFFIRMATIVE DEFENSE

*(Waiver)*

16. HKLLQ's claims are barred, in whole or in part, by the doctrine of waiver, in that

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

4902-6155-8976.1                                    - 4 -                    ANSWER AND CROSS-COMPLAINT

HKLLQ, by its acts, omissions, and course of conduct, waived any right to the relief it now seeks.

## TENTH AFFIRMATIVE DEFENSE

### *(Estoppel)*

17. HKLLQ's claims are barred, in whole or in part, by the doctrine of estoppel, in that HKLLQ, by its acts, omissions, representations, and course of conduct, is estopped from asserting the claims and seeking the relief alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### *(Failure to Mitigate Damages)*

18. HKLLQ's claimed damages are barred or reduced by its failure to take reasonable steps to mitigate, minimize, or avoid the damages it alleges.

## TWELFTH AFFIRMATIVE DEFENSE

### *(Payment)*

19. HKLLQ's claims are barred, in whole or in part, to the extent HKLLQ has been paid, or credited, all amounts to which it is entitled.

## THIRTEENTH AFFIRMATIVE DEFENSE

### *(Damages Not Due; Improper Acceleration)*

20. HKLLQ's claims are barred, in whole or in part, because the amounts HKLLQ seeks are not due and owing, are speculative and unmatured, and because HKLLQ was not entitled to accelerate the balance of the Promissory Note under the circumstances alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### *(Indemnification and Duty to Defend)*

21. HKLLQ's claims are barred or reduced because HKLLQ is obligated under Section 11 of the APA to indemnify, defend, and hold WRE harmless from and against the claims, losses, and liabilities at issue, including the claims asserted against WRE by the Chapter 7 Trustee, and any recovery by HKLLQ must be reduced by the amount of those indemnity obligations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### *(Reservation of Rights)*

22. WRE presently has insufficient knowledge or information on which to form a belief as

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

4902-6155-8976.1 - 5 - ANSWER AND CROSS-COMPLAINT

to whether it may have additional, as yet unstated, affirmative defenses. WRE reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

### PRAYER ON ANSWER

WHEREFORE, WRE prays for judgment as follows:

(1)     That HKLLQ take nothing by its Complaint and that the Complaint be dismissed with prejudice;

(2)     That judgment be entered in favor of WRE and against HKLLQ;

(3)     That WRE be awarded its costs of suit and reasonable attorneys' fees as permitted by the APA, the Promissory Note, and applicable law; and

(4)     For such other and further relief as the Court deems just and proper.

### CROSS-COMPLAINT

Cross-Complainant WRE SoCal, Inc., d/b/a Windermere Desert Properties ("WRE" or "Cross-Complainant") alleges against Cross-Defendant HK Lane La Quinta, Inc. ("HKLLQ" or "Cross-Defendant") as follows:

### THE PARTIES, JURISDICTION, AND CONSENT

23. Cross-Complainant WRE is a California corporation doing business as Windermere Desert Properties, with its principal place of business in Palm Desert, California. WRE is the defendant in the above-captioned removed action.

24. Cross-Complainant is informed and believes, and on that basis alleges, that Cross-Defendant HKLLQ is a California corporation. HKLLQ is the plaintiff in the above-captioned removed action.

25. This adversary proceeding relates to the bankruptcy case captioned *In re HK Lane Palm Desert, Inc.*, Case No. 6:24-bk-13474-SY, a case under Chapter 7 of Title 11 of the United States Code, pending in the United States Bankruptcy Court for the Central District of California, Riverside Division. This Court has jurisdiction over this Cross-Complaint under 28 U.S.C. §§ 157 and 1334.

26. Pursuant to Federal Rule of Bankruptcy Procedure 7008, WRE states that it consents

to the entry of final orders and judgment by the Bankruptcy Court on the claims asserted in this Cross-Complaint.

## GENERAL ALLEGATIONS

27. On or about June 8, 2023, WRE, as purchaser, entered into an Asset Purchase Agreement (the "APA") with HK Lane Palm Desert, Inc. ("HKLPD") and HKLLQ, as sellers, pursuant to which WRE purchased substantially all of the sellers' residential real estate brokerage assets for a purchase price of $1,650,000, consisting of a $225,000 cash payment at closing and a promissory note in the principal amount of $1,425,000 (the "Promissory Note"). The Promissory Note was executed as part of the consideration for the APA and was made payable to HKLLQ.

28. In the APA, the sellers, including HKLLQ, made numerous representations and warranties to WRE, including: (a) that the purchaser "will incur no liabilities or obligations as a result of the sale and transfer of the Purchased Assets" (APA § 7.8); (b) that the seller had no liabilities with respect to the business except as disclosed, and the balance sheet delivered with the APA disclosed no liabilities (APA § 7.8); (c) that, other than identified litigation with a Palm Springs landlord, there were no claims, actions, suits, or proceedings pending or threatened against or affecting the seller (APA § 7.3); (d) that the APA and the instruments of conveyance were valid, legally binding, and enforceable obligations of the seller (APA § 7.2); and (e) that the Purchased Assets would be transferred free and clear of all security interests, and that performance would not result in a breach, default, or acceleration under any other agreement.

29. Under Section 11 of the APA, HKLLQ agreed to indemnify, defend, and hold WRE and its affiliates harmless from and against, among other things, (i) claims arising out of material inaccuracies in the representations and warranties made as of the closing date; (ii) any material breach of the APA by HKLLQ; and (iii) any third-party claims arising from actions taken prior to the closing date by HKLLQ.

30. Contrary to those representations and warranties, and unknown to WRE at the time of closing, the sellers had substantial undisclosed pre-closing liabilities totaling approximately $757,561.61, including a claim of $554,750.32 asserted by El Paseo Holdings, LLC arising out of a lease dispute, obligations to LEAF Capital Funding, LLC, and a U.S. Small Business

Administration EIDL loan secured by the transferred assets. In addition, a lawsuit styled *Bruce F. Stuart, et al. v. HK Lane Palm Desert, Inc., et al.*, filed on or about December 23, 2019, remained pending against a seller as of the closing date and was not disclosed. The transfer of the assets also constituted an event of default under the security agreement for the SBA EIDL loan.

31. On June 20, 2024, HKLPD filed a voluntary petition under Chapter 7 of the Bankruptcy Code, commencing the bankruptcy case referenced above. Arturo Cisneros is the duly appointed and acting Chapter 7 Trustee (the "Trustee").

32. In an adversary proceeding pending in the bankruptcy case (Adv. Proc. No. 6:25-ap-01133-SY), the Trustee has asserted claims against WRE to avoid and recover the transfers effected by the APA and the Promissory Note as fraudulent transfers under 11 U.S.C. §§ 548 and 550, seeking a monetary judgment against WRE of approximately $1,363,311, and further seeking a judgment declaring the APA void (the "Trustee Claims"). The Trustee Claims arise out of, and directly contradict, the representations and warranties HKLLQ made in the APA.

33. By letter dated May 8, 2026, WRE demanded that HKLLQ acknowledge and perform its obligations under Section 11 of the APA to indemnify, defend, and hold WRE harmless against the Trustee Claims. HKLLQ has failed and refused to do so.

34. As a result of HKLLQ's misrepresentations and breaches, WRE has been damaged, including by being exposed to the Trustee Claims and by incurring attorneys' fees and costs in defending against them.

## FIRST CAUSE OF ACTION

*(Breach of Contract — Against HKLLQ)*

35. WRE incorporates by reference Paragraphs 23 through 34 above as though fully set forth herein.

36. The APA is a valid and enforceable contract between WRE and HKLLQ, supported by consideration.

37. WRE performed all of its obligations under the APA, except those obligations that were excused, prevented, or discharged by HKLLQ's conduct.

38. HKLLQ materially breached the APA, including by (a) breaching the representations

and warranties described above; and (b) failing and refusing to indemnify, defend, and hold WRE harmless against the Trustee Claims as required by Section 11 of the APA.

39. As a direct and proximate result of HKLLQ's breaches, WRE has suffered damages in an amount to be proven at trial, including its exposure to the Trustee Claims and its attorneys' fees and costs incurred in defending against them, together with interest and its attorneys' fees and costs incurred in this action as provided by the APA.

## SECOND CAUSE OF ACTION

### *(Fraud — Against HKLLQ)*

40. WRE incorporates by reference Paragraphs 23 through 34 above as though fully set forth herein.

41. In connection with the APA, HKLLQ made material misrepresentations of fact, and concealed material facts, including its representations and warranties that the seller had no undisclosed liabilities, that no litigation was pending or threatened other than the identified landlord litigation, that the transferred assets were free and clear of security interests, and that the APA was valid and enforceable, as described above.

42. Those representations were false when made, and HKLLQ concealed the true facts, including the existence of the undisclosed pre-closing liabilities, the pending *Stuart* litigation, and the security interests encumbering the transferred assets.

43. HKLLQ knew the representations were false, or made them recklessly without regard for their truth, and concealed the true facts, with the intent to induce WRE to enter into the APA and the Promissory Note and to make the payments called for thereunder.

44. WRE was unaware of the falsity of the representations and the concealed facts and justifiably relied on HKLLQ's representations in entering into the APA and the Promissory Note. Had WRE known the true facts, it would not have entered into the transaction on the terms it did.

45. As a direct and proximate result of HKLLQ's fraud, WRE has suffered damages in an amount to be proven at trial. HKLLQ's conduct was fraudulent, entitling WRE to recover exemplary and punitive damages according to proof.

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

4902-6155-8976.1                              - 9 -                    ANSWER AND CROSS-COMPLAINT

## THIRD CAUSE OF ACTION

*(Declaratory Relief — Against HKLLQ)*

46. WRE incorporates by reference Paragraphs 23 through 34 above as though fully set forth herein.

47. An actual and justiciable controversy has arisen between WRE and HKLLQ concerning their respective rights and obligations under the APA and the Promissory Note. WRE contends that HKLLQ is obligated under Section 11 of the APA to indemnify, defend, and hold WRE harmless against the Trustee Claims; that HKLLQ's breaches and misrepresentations excuse WRE's further performance under the Promissory Note; and that WRE is entitled to offset, against any amount owed under the Promissory Note, the amounts of HKLLQ's indemnity obligations and the damages caused by HKLLQ's breaches and misrepresentations. WRE is informed and believes that HKLLQ disputes these contentions.

48. WRE seeks a judicial declaration of the parties' rights and obligations, including a declaration that HKLLQ must indemnify, defend, and hold WRE harmless against the Trustee Claims, that WRE's performance under the Promissory Note is excused, and that WRE is entitled to the offsets described above. Such a declaration is necessary and appropriate so that the parties may ascertain their rights and obligations.

## PRAYER ON CROSS-COMPLAINT

WHEREFORE, Cross-Complainant WRE prays for judgment against Cross-Defendant HKLLQ as follows:

(1)     On the First Cause of Action (Breach of Contract): for compensatory damages in an amount to be proven at trial, including WRE's exposure to the Trustee Claims and its attorneys' fees and costs incurred in defending against them and for indemnification and reimbursement of WRE's defense costs under Section 11 of the APA;

(2)     On the Second Cause of Action (Fraud): for compensatory damages in an amount to be proven at trial and for exemplary and punitive damages according to proof;

(3)     On the Third Cause of Action (Declaratory Relief): for a declaration of the parties' rights and obligations as set forth above, including HKLLQ's duty to indemnify, defend, and hold

WRE harmless, the excuse of WRE's performance under the Promissory Note, and WRE's right of offset; and

    (4)    For prejudgment interest as permitted by law;

    (5)    For WRE's attorneys' fees and costs of suit as provided by the APA, the Promissory Note, and applicable law; and

    (6)    For such other and further relief as the Court deems just and proper.

Dated: July 24, 2026                    MILLER NASH LLP


By: */s/ Bernie Kornberg*
    Bernie Kornberg

    Attorneys for Defendant and Cross-Complainant
    WRE SoCal, Inc., d/b/a Windermere Desert Properties

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

4902-6155-8976.1                    - 11 -                    ANSWER AND CROSS-COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 340 Golden Shore, Ste 450, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled: DEFENDANT WRE SoCAL, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES; AND CROSS-COMPLAINT AGAINST HK LANE LA QUINTA, INC. FOR (1) BREACH OF CONTRACT; (2) FRAUD; AND (3) DECLARATORY RELIEF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 24, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Arturo Cisneros (TR)**    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Jeff Katofsky**    jeff@katofskylaw.com, jgroves@propertymanagers.biz
- **Bernard J Kornberg**    bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 24, 2026 | Bernie Kornberg | /s/ Bernie Kornberg |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |