MILLER NASH LLP
Bernie Kornberg
bernie.kornberg@millernash.com
Daniel Fleissig
daniel.fleissig@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone: 562.435.8002
Facsimile: 562.435.7967

Attorneys for Defendant and Cross-Complainant
WRE SoCal, Inc. d/b/a Windermere Desert Properties

UNITED STATES BANKRUPTCY COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>HK LANE PALM DESERT, INC.,<br><br>Debtor | Case No. 6:24-bk-13474-SY<br><br>Chapter 7<br><br>Adv. Proc. No. 6:26-ap-01078-SY |
| HK LANE LA QUINTA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WRE SOCAL, INC., D/B/A WINDERMERE DESERT PROPERTIES; and DOES 1 through 10, inclusive,<br><br>Defendants. | **OPPOSITION OF WRE SoCAL, INC. TO MOTION TO REMAND [ECF NO. 4]**<br><br>Date: August 27, 2026<br>Time: 9:30 a.m.<br>Judge: Hon. Scott H. Yun |
| WRE SOCAL, INC., D/B/A WINDERMERE DESERT PROPERTIES,<br><br>Cross-Complainant,<br><br>v.<br><br>HK LANE LA QUINTA, INC.,<br><br>Cross-Defendant. | |

# TABLE OF CONTENTS

I. INTRODUCTION .......... 5

II. FACTUAL BACKGROUND; PROCEDURAL HISTORY .......... 5

A. The Sale of the Assets of Debtor and HKLLQ .......... 6
B. The Chapter 7 Bankruptcy Case. .......... 6
C. The Interpleader Action and the Trustee's Counterclaims. .......... 6
D. The State-Court Action, Removal, and Motion to Remand. .......... 7

III. ARGUMENT .......... 7

A. There Was No Procedural Irregularity .......... 7
B. Equitable Remand Under Section 1452(b) Is Not Warranted. .......... 8
1. Remand Would Be Futile Because the Automatic Stay Would Bar the State Court From Reaching the Disputed Funds. .......... 9
2. The Factors of Efficient Administration, Relatedness to the Bankruptcy Case, Substance of the Claims, and Feasibility of Separating Claims Mandate Retention .......... 9
3. The Factors of State-Law Issues, Application of State Law, and Comity .......... 11
4. Other Factors .......... 13
C. Both Abstention Arguments Fail Because the Action Was Removed. .......... 14

IV. CONCLUSION .......... 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**


*Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253 (9th Cir. 1988) .......... 10

*In re Cedar Funding, Inc.*, 419 B.R. 807 (B.A.P. 9th Cir. 2009) .......... 8, 9, 13, 14

*In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733 (Bankr. C.D. Cal. 2007) .......... 14

*In re Eyecare of S. Cal.*, 258 B.R. 765 (Bankr. C.D. Cal. 2001) .......... 14

*In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000) .......... 9

*In re Howrey LLP*, 492 B.R. 19 (Bankr. N.D. Cal. 2013), aff'd, No. C 13-02700 SBA, 2014 WL 3899487 (N.D. Cal. Aug. 8, 2014) .......... 9

*In re Indep. Fuel Sys. LLC*, 655 B.R. 316 (Bankr. E.D. Tex. 2023) .......... 13

*Kurz v. EMAK Worldwide, Inc.*, 464 B.R. 635 (D. Del. 2011) .......... 12

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966 (9th Cir. 2011) .......... 10

*Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999 (9th Cir. 1997) .......... 14

*Sowell v. U.S. Bank Tr. Nat'l Ass'n*, 317 B.R. 319 (E.D.N.C. 2004) .......... 13

*In re Talon Holdings, Inc.*, 221 B.R. 214 (Bankr. N.D. Ill. 1998) .......... 11


**Statutes**


11 U.S.C. § 362 .......... 9, 12

11 U.S.C. § 548(a)(1)(A) and (B) .......... 7

11 U.S.C. § 550 .......... 7

11 U.S.C. § 553 .......... 12

28 U.S.C. § 1334 .......... *passim*

28 U.S.C. § 1452(b) .......... 5, 7, 8, 14

**Other Authorities**

Federal Rule of Bankruptcy Procedure 9017 .......... 6

Federal Rule of Bankruptcy Procedure 9027 .......... 8

Federal Rule of Evidence 201 .......... 6

## I. INTRODUCTION

HK Lane La Quinta, Inc. ("HKLLQ") opens by conceding the one thing that matters most: this Court has jurisdiction. Its Motion admits that the removed action is, at least, "related to" the bankruptcy case, and that the effect on the estate "establishes … the threshold for 'related to' jurisdiction." Having conceded the Court's power to decide this dispute, HKLLQ asks the Court to give that power away on a series of discretionary theories that do not fit the case HKLLQ actually brought.

They do not fit because this is not the tidy note-collection case the Motion portrays. The very promissory note (the "Note") HKLLQ seeks to enforce is the Note that the Chapter 7 Trustee (the "Trustee") is simultaneously seeking to void, as the instrument of a fraudulent transfer that allegedly stripped HK Lane Palm Desert, Inc. (the "Debtor") of substantially all of its value and routed roughly 86% of the sale proceeds to non-debtor HKLLQ. Whether HKLLQ may enforce the Note, whether the Asset Purchase Agreement that created it (the "APA") is void, and whether WRE SoCal, Inc. ("WRE") must pay HKLLQ or the estate are not three cases but one, already before this Court in the interpleader adversary proceeding (the "Interpleader Action") and the Trustee's counterclaim (the "Counterclaim"). Remand would splinter a single controversy over a single fund across two courtrooms, invite inconsistent rulings on the Note's validity, and hand a state court a set of federal bankruptcy questions it is not positioned to answer.

HKLLQ's discretionary theories cannot carry that weight. First, there was no procedural irregularity in the removal. Second, equitable remand under 28 U.S.C. § 1452(b) is unwarranted: the governing factors—efficient administration of the estate, the substance and relatedness of the claims, the infeasibility of cleanly separating them, and the avoidance of piecemeal litigation and inconsistent results—decisively favor retention. Third, abstention is not even available because removal extinguished any parallel state proceeding, leaving nothing to abstain to. HKLLQ offers the Court no reason to relinquish a dispute that belongs here. The Motion should be denied.

## II. FACTUAL BACKGROUND; PROCEDURAL HISTORY

Unless otherwise indicated, record citations are to the docket of this removed adversary proceeding (No. 6:26-ap-01078-SY) by ECF number; citations to the related interpleader

adversary proceeding (No. 6:25-ap-01133-SY) are marked "Interpl. Action." WRE requests that the Court take judicial notice, under Federal Rule of Evidence 201 (made applicable by Federal Rule of Bankruptcy Procedure 9017), of the filings cited herein.

**A. The Sale of the Assets of Debtor and HKLLQ**

WRE purchased substantially all of the residential real-estate brokerage assets of the Debtor and HKLLQ under the June 8, 2023 APA. Countercl. ¶¶ 8–9, 12–14, Interpl. Action, ECF No. 35. The $1,650,000 purchase price consisted of $225,000 in cash at closing and the $1,425,000 Note made payable solely to HKLLQ. Id. ¶¶ 14, 19–20. The Note requires quarterly installments and permits acceleration upon a payment default continuing for five business days. Note §§ 3.1(a), 4.1–4.2, Compl. Ex. A, ECF No. 1.

**B. The Chapter 7 Bankruptcy Case.**

On June 20, 2024, the Debtor filed a voluntary petition under Chapter 7, commencing this bankruptcy case. Notice of Removal ¶ 5, ECF No. 1. Arturo Cisneros is the duly appointed and acting Chapter 7 Trustee. Id.

**C. The Interpleader Action and the Trustee's Counterclaims.**

On December 21, 2025, WRE commenced the Interpleader Action, Adv. No. 6:25-ap-01133-SY, alleging that HKLLQ and the Trustee had asserted competing, adverse claims to the Note payments and that WRE faced a risk of double liability. Notice of Removal ¶ 7, ECF No. 1; Interpl. Compl. ¶¶ 12, 22, Interpl. Action, ECF No. 18. HKLLQ moved to dismiss the Interpleader Action. Mot. to Dismiss, Interpl. Action, ECF No. 24. WRE stated that it does not oppose dismissal without prejudice. Opp. to Mot. to Dismiss, Interpl. Action, ECF No. 60. HKLLQ replied, agreeing to dismissal. Reply, Interpl. Action, ECF No. 62.

On April 20, 2026, the Trustee filed the Counterclaim against WRE and a cross-claim against HKLLQ. Countercl., Interpl. Action, ECF No. 35. The Trustee alleges that, although the Debtor supplied substantially all of the value underlying the $1,650,000 price, the APA and Note were structured to divert approximately 86% of the sale proceeds to non-debtor HKLLQ. Id. ¶¶ 41–42. The Trustee alleges that the Debtor received less than reasonably equivalent value and was insolvent, and asserts claims to avoid the transfers as fraudulent under 11 U.S.C. §

548(a)(1)(A) and (B), to recover $1,363,311 under 11 U.S.C. § 550, and for a declaratory judgment that the APA is void. Id. ¶¶ 47–48, 56–79 & Prayer. WRE answered the Counterclaim. WRE Answer to Countercl., Interpl. Action, ECF No. 59.

### D. The State-Court Action, Removal, and Motion to Remand.

On May 6, 2026, HKLLQ filed a breach-of-contract action against WRE in the Superior Court of California, County of Riverside, No. CVPS2603973, pleading a single cause of action on the Note and seeking $1,125,000 plus interest and fees (the "Removed Action"). Notice of Removal ¶ 1, ECF No. 1; Compl. ¶¶ BC-1 to BC-5, ECF No. 1. On July 16, 2026, WRE removed the action to this Court under 28 U.S.C. §§ 1334 and 1452, opening this adversary proceeding, and stated that the action is "related to" the bankruptcy case and is "a non-core proceeding." Notice of Removal ¶¶ 10, 12, ECF No. 1. WRE answered and cross-claimed against HKLLQ for breach of contract, fraud, and declaratory relief, alleging that HKLLQ breached the APA and concealed undisclosed pre-closing liabilities and must indemnify WRE against the Trustee's claims under § 11 of the APA. WRE Answer & Cross-Compl. ¶¶ 28–33, 35–48, ECF No. 6. On July 24, 2026, HKLLQ filed the pending Motion to Remand. Mot. to Remand, ECF No. 4.

## III. ARGUMENT

HKLLQ does not contend that this Court lacks jurisdiction. It concedes that the removed action is, at least, "related to" the bankruptcy case under 28 U.S.C. § 1334(b), acknowledging that any effect on the estate "establishes, at most, the threshold for 'related to' jurisdiction." Mot. to Remand p.12:6–7. Further, as explained below, "related to" jurisdiction plainly exists because whether HKLLQ is entitled to enforce the Note may affect the Trustee's recovery on its claim to invalidate the Note.

HKLLQ instead asks the Court to decline to exercise the jurisdiction it concededly has, through equitable remand under 28 U.S.C. § 1452(b) and abstention under 28 U.S.C. § 1334(c). Each argument fails.

### A. There Was No Procedural Irregularity

HKLLQ suggests that the removal was procedurally irregular because the Notice of Removal was filed under the main bankruptcy case number and did not bear an adversary

proceeding number. Mot. to Remand pp.5:20–6:1. There was no irregularity. Removal of a state-court claim to this Court is governed by Federal Rule of Bankruptcy Procedure 9027 and Local Bankruptcy Rule 9027-1, and this Court's published procedures direct the removing party to open an adversary proceeding docket in the bankruptcy case and to file the notice of removal in it as the initiating document. See Fed. R. Bankr. P. 9027; LBR 9027-1; CACB Central Guide, LBR 9027-1(b) (Notice of Removal). The adversary proceeding number is assigned by the Clerk when that docket is opened, and so cannot appear on the notice before the notice is filed. Accordingly, no procedural error is identified, much less one that would warrant remand.

**B. Equitable Remand Under Section 1452(b) Is Not Warranted.**

HKLLQ, conceding jurisdiction exists, seeks remand under 28 U.S.C. § 1452(b). Mot. to Remand p.6:26–27. This section permits remand of a removed, bankruptcy-related claim "on any equitable ground." *In re Cedar Funding, Inc.*, 419 B.R. 807, 820 (B.A.P. 9th Cir. 2009). Courts in the Ninth Circuit weigh as many as fourteen factors, no one of which is dispositive. *Id.* at 820–21 & n.18.

The factors are:

1. The effect of remand on the efficient administration of the bankruptcy estate.
2. The extent to which state-law issues predominate.
3. Whether the applicable state law is difficult or unsettled.
4. The existence of a related proceeding in state court or another nonbankruptcy forum.
5. The existence of any jurisdictional basis other than 28 U.S.C. § 1334.
6. The degree of relatedness or remoteness to the bankruptcy case.
7. The substance, rather than the form, of any asserted core proceeding.
8. The feasibility of separating state-law claims from core bankruptcy matters.
9. The burden on the bankruptcy court's docket.
10. The likelihood of forum shopping.
11. The existence of a jury-trial right.
12. The presence of non-debtor parties.
13. Comity.

14. Possible prejudice to the parties.

*Cedar Funding, 419 B.R. at 821 n.18*.

The balance decisively favors retention.

**1. Remand Would Be Futile Because the Automatic Stay Would Bar the State Court From Reaching the Disputed Funds.**

Remand would also accomplish nothing but delay. If the Removed Action were remanded, the automatic stay would still bar the state court from exercising control over the Note payments to the extent the Trustee claims them for the estate. Congress has specifically stated that any remand "shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy." 28 U.S.C. § 1334.

The stay bars "any act to obtain possession of … or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Trustee's claims are themselves property of the estate and the Trustee seeks to avoid the Note under a variety of theories. A state-court judgment fixing the enforceability of the Note would exercise control over those claims. "[T]aking an affirmative step to thwart the Trustee's claims in another forum is what amounts to the impermissible control." *In re Howrey LLP, 492 B.R. 19, 23 (Bankr. N.D. Cal. 2013), aff'd, No. C 13-02700 SBA, 2014 WL 3899487 (N.D. Cal. Aug. 8, 2014)*.

A remanded action therefore could not proceed to judgment or enforcement, but it would sit stayed, awaiting this Court's resolution of the avoidance dispute. *In re Gruntz, 202 F.3d 1074, 1087 (9th Cir. 2000)* ("if it proceeds without obtaining bankruptcy court permission, a state court risks having its final judgment declared void"). Doing so would unduly delay the resolution of litigation which, if not remanded, could otherwise be resolved in parallel with the Trustee's Counterclaim. While this approach may have some merit in other contexts, as set forth below, it makes little sense here given the interrelation of the claims.

**2. The Factors of Efficient Administration, Relatedness to the Bankruptcy Case, Substance of the Claims, and Feasibility of Separating Claims Mandate Retention**

The first, sixth, seventh, and eighth factors—the effect of remand on the efficient

administration of the estate, the degree of relatedness to the bankruptcy case, the substance rather than the form of the asserted core proceeding, and the feasibility of separating the state-law claim from core bankruptcy matters—each weigh heavily in favor of retention. Together, they counsel denying remand to prevent piecemeal litigation, avoid the risk of inconsistent results, and preserve judicial economy.

First, remand must be denied to avoid piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). HKLLQ asserts that the claims in this action are limited solely to the liability of WRE to HKLLQ on the Note. Mot. to Remand p.15:3–11. However, a review of the matters shows that the claims in this action are intertwined with that of the Trustee's Counterclaim such that they cannot be separated.

The Trustee's fourth claim for relief in the Trustee's Counterclaim seeks a declaratory judgment that the APA, and thus the Note which arises out of it, is void and unenforceable. Specifically, the Trustee asserts the APA, and the Note, are unenforceable as they constitute a mechanism for fraudulent transfer. Countercl. ¶¶ 71–79, Interpl. Action, ECF No. 35. Critically, the Trustee asserts that claim not only against WRE but against HKLLQ as a cross-defendant, praying for a declaration "Against WRE and HK Lane La Quinta, Inc." that the APA is void, or in the alternative that the APA's purchase and sale provisions—including the payment terms on which HKLLQ sues—are void and unenforceable. Countercl. ¶ 76 & Prayer ¶ 4, Interpl. Action, ECF No. 35. This claim, and the relief sought therein, is entirely inconsistent with the predicate of HKLLQ's complaint that the Note is enforceable and that WRE is in breach of it. Remand is not available in cases where remand would create piecemeal litigation in two separate courts. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977 (9th Cir. 2011) ("if the district court must exercise jurisdiction over claims for damages, the court should also retain similar claims for declaratory relief to avoid piecemeal litigation").

Second, WRE's cross-complaint in the Removed Action is similarly intertwined with the Trustee's Counterclaim. There, WRE seeks, among other things, a claim for breach of contract

due to the failure of HKLLQ to indemnify WRE from the Trustee's Counterclaim. WRE Answer & Cross-Compl. ¶ 38, ECF No. 6. WRE further seeks declaratory relief regarding the effect of the Trustee's Counterclaim on the APA and Note. WRE Answer & Cross-Compl. ¶ 47, ECF No. 6. Accordingly, these claims are also entirely interrelated and the resolution of one depends on the other. Remand would further cause piecemeal litigation as to WRE's cross-claims in the Removed Action.

Third and finally, the removed claim is closely intertwined with core estate matters. The enforceability of the Note cannot be cleanly separated from the Trustee's pending fraudulent-transfer and void-contract claims, which turn on the same APA and Note. Where the outcome "will affect the amount paid to creditors of the estate" and the underlying facts are "intertwined" with claims against the estate, courts decline to remand or abstain. *In re Talon Holdings, Inc.*, 221 B.R. 214, 220–21 (Bankr. N.D. Ill. 1998).

### 3. The Factors of State-Law Issues, Application of State Law, and Comity

The second, third, and thirteenth factors—the extent to which state-law issues predominate, whether the applicable state law is difficult or unsettled, and comity—also support retention, because remand would require a state court to resolve issues of federal bankruptcy law.

Retention is further appropriate because state-law issues do not predominate over the federal issues that will actually decide this dispute. Here, the claims raised in the Removed Action fall into two buckets. First is HKLLQ's claim in the Removed Action, which arises solely out of breach of contract. That this claim arises under state law does not tip the factor in HKLLQ's favor. It is a straightforward contract claim that implicates no special state public policy, and it is not likely to require this Court to make decisions creating or expanding state law. *See Talon Holdings*, 221 B.R. at 220 (declining equitable remand where the action presented no new or difficult questions of state law). Second are the affirmative defenses and cross-claims of WRE against HKLLQ in the Answer and Cross-Complaint filed in the Removed Action. WRE Answer & Cross-Compl., ECF No. 6. This second category requires the Court to interpret the effect of any decision on the Trustee's Counterclaim on the rights HKLLQ asserts against WRE in the

Removed Action. Accordingly, these defenses and claims bring a mixture of state and federal law claims.

HKLLQ's claims that the Removed Action requires only interpretations of state law are incorrect. If remanded, the state court will need to address the effect of the Trustee's Counterclaim on the Removed Action. At the same time, no complex issue of state law exists where comity would suggest letting the state court decide the issue. *Kurz v. EMAK Worldwide, Inc., 464 B.R. 635, 646 (D. Del. 2011)* ("Although the Advancement Action solely involves an interpretation of Delaware law, the questions raised by the Agreement are neither novel nor complex. Thus, they can be adjudicated by the bankruptcy court"). Accordingly, if this Court were to remand, it would require the state court to interpret bankruptcy law, something it is ill situated to do.

Further, WRE has asserted, as an affirmative defense to the Trustee's Counterclaim, that the Debtor received reasonably equivalent value in exchange for the transfer. WRE Answer to Countercl. ¶ 81 (Second Affirmative Defense), Interpl. Action, ECF No. 59. That defense turns, in part, on the contention that the APA provided for payment of the sale price to both the Debtor and HKLLQ, and that the sellers, as joint owners, could designate the payee under the Note. It bears directly on HKLLQ's allegation in the Removed Action that WRE failed to make its Note payments, because it implicates whether those payments are property of the estate under § 541 of the Bankruptcy Code. Resolving it will require the reviewing court to analyze the interplay between § 541 and HKLLQ's breach-of-contract claim—an analysis this Court is far better equipped to undertake than the state court. The same is true of WRE's request for a declaration that it may offset against any amount otherwise due under the Note the sums the Trustee seeks to recover from it. WRE Answer & Cross-Compl. ¶ 47, ECF No. 6. If the Trustee prevails, the payments HKLLQ sues to collect are property of the estate, and any setoff against them is governed by 11 U.S.C. § 553 and constrained by the automatic stay, 11 U.S.C. § 362(a)(7). A state court cannot adjudicate a setoff against property of a bankruptcy estate.

In contrast, this Court is well equipped to handle state breach-of-contract claims. Thus, as one court explained in declining equitable remand in similar circumstances, "[m]atters of federal

bankruptcy are of federal concern, and ensuring uniformity of adjudication in all matters related to bankruptcy is a counterbalancing consideration." *Sowell v. U.S. Bank Tr. Nat'l Ass'n*, 317 B.R. 319, 323 (E.D.N.C. 2004); *see also* *In re Indep. Fuel Sys. LLC*, 655 B.R. 316, 321 (Bankr. E.D. Tex. 2023) ("State law issues do not predominate over bankruptcy issues, but rather the question of ownership of property and its proper disclosure by Debtor are central bankruptcy issues"). That consideration applies equally here.

**4. Other Factors**

The remaining factors are neutral or favor retention.

*Fourth Factor (Related Proceeding in Another Forum).* Following removal, no related proceeding remains pending in state court or any other non-bankruptcy forum. The only related litigation, the Interpleader Action and the Trustee's Counterclaim, is already pending before this Court.

*Fifth Factor (Independent Jurisdictional Basis).* Although "related to" jurisdiction under § 1334 is the sole basis for federal jurisdiction, that is only one of the fourteen factors and is not, by itself, a basis for remand. No single factor is dispositive, and courts regularly decline to remand removed "related to" claims notwithstanding the absence of any independent jurisdictional basis. *See* *Cedar Funding*, 419 B.R. at 820–21; *Indep. Fuel Sys.*, 655 B.R. at 321.

*Ninth Factor (Burden on the Court's Docket).* Because this Court will in any event continue to adjudicate the Trustee's Counterclaim arising from the same APA and Note, retaining the Removed Action imposes only a minimal incremental burden on the Court's docket.

*Tenth Factor (Forum Shopping).* There is no evidence of forum shopping. The bankruptcy case was commenced by the Debtor, and the dispute over the Note payments was raised by the Trustee through the Rule 2004 examination and the Trustee's Counterclaim. HKLLQ's contrary suggestion that WRE manufactured a bankruptcy forum is refuted by the sequence of filings. WRE commenced the Interpleader Action on December 21, 2025, and the Trustee filed the Counterclaim on April 20, 2026, both months before HKLLQ filed the Removed Action on May 6, 2026. The competing claim to the Note payments was created by the Trustee's avoidance claims, not by WRE's choice of forum, and WRE removed the later-filed action to the forum

where that dispute was already pending.

*Eleventh Factor (Jury-Trial Right).* HKLLQ has not demanded a jury trial in any pleading, so no jury-trial right weighs in favor of remand.

*Twelfth Factor (Presence of Non-Debtor Parties).* Although both parties to the Removed Action are non-debtors, those same non-debtor parties are already before this Court in the Trustee's Counterclaim, so their presence raises no concern favoring remand.

*Fourteenth Factor (Prejudice).* No prejudice from retention is apparent or has been claimed.

**C. Both Abstention Arguments Fail Because the Action Was Removed.**

HKLLQ also requests mandatory abstention under § 1334(c)(2) and permissive abstention under § 1334(c)(1). Mot. to Remand p.14:3, 13. Both fail as a matter of law. Abstention "can exist only where there is a parallel proceeding in state court," and a successful removal extinguishes that parallel proceeding, leaving nothing in favor of which the Court could abstain. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1009–10 (9th Cir. 1997). The Ninth Circuit accordingly reads § 1334(c) *in pari materia* with § 1452(b), so that a removed action with no surviving state proceeding is governed by equitable remand, not abstention. *Id.* HKLLQ's own lead authority holds precisely this: the "abstention requirements under 28 U.S.C. § 1334(c)(1) or (2) are inapplicable to removed proceedings, since a successful removal effectively extinguishes the parallel proceeding in state court." *Cedar Funding*, 419 B.R. at 820. Courts in this District have applied that rule to deny both mandatory and permissive abstention of removed actions. *See In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007); *In re Eyecare of S. Cal.*, 258 B.R. 765, 769 (Bankr. C.D. Cal. 2001).

Because HKLLQ removed, and does not separately maintain, its state-court action, no parallel proceeding survives, and both abstention theories collapse into the Section 1452(b) analysis above, which favors retention.

## IV. CONCLUSION

For the foregoing reasons, WRE respectfully requests that the Court deny HKLLQ's Motion to Remand.

Dated: August 13, 2026

MILLER NASH LLP

By: */s/ Bernie Kornberg*
Bernie Kornberg

Attorneys for Defendant and Cross-Complainant
WRE SoCal, Inc. d/b/a Windermere Desert Properties

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 340 Golden Shore, Ste 450, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled : OPPOSITION OF WRE SoCAL, INC. TO MOTION TO REMAND [ECF NO. 4] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 13, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas H Casey** kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Arturo Cisneros (TR)** amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Jeff Katofsky** jeff@katofskylaw.com, jgroves@propertymanagers.biz
- **Bernard J Kornberg** bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- **United States Trustee (RS)** ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 13, 2026 | Bernie Kornberg | /s/ Bernie Kornberg |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |